(5 App. Div. 318.)

TROWBRIDGE et al. v. METCALF et al.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

1. WILLS—SUSPENDING POWER OF ALIENATION—TERM OF YEARS.
   A devise to testator's executors in trust to hold and manage the property for the term of five years from testator's death, with power to sell and convey after the expiration of said five years, is an unlawful suspension of the power of alienation, as it is not limited to two lives in being.

2. CONVERSION OF PERSONALTY INTO REALTY—POWER OF SALE.
   Such devise cannot be sustained as an equitable conversion of the land into personalty, as the sale cannot be made under the will until after the expiration of five years.

3. POWER IN TRUST—DIRECTION TO EXECUTORS TO SELL LAND.
   Nor can such devise operate as a power in trust, as it was the intention of the testator to pass the title to the executors.

4. WILLS—SUSPENDING POWER OF ALIENATION.
   A devise which suspends the power of alienation for a specific time, not measured by two lives in being, but by a prescribed term of years, is void. Robert v. Corning, 89 N. Y. 225; Henderson v. Henderson, 20 N. E. 814, 113 N. Y. 1, distinguished.

Appeal from special term, New York county.

Action by Benjamin A. Trowbridge and William H. Trowbridge, as trustees under the will of George A. Trowbridge, deceased, against Susannah Trowbridge, Adeline Metcalf, Edmund Trowbridge, Addie F. Trowbridge, Charles O. Trowbridge Matilda G. Trowbridge, Irene Metcalf, Millie K. Trowbridge, George E. Trowbridge, Jessie A. Trowbridge, Edmund P. Trowbridge, Nellie M. Trowbridge, Ida F. Trowbridge, Benjamin A. Trowbridge, and William H. Trowbridge, to obtain a construction of the will of said George A. Trowbridge, deceased. From a judgment construing the

will, defendants Irene Metcalf, Millie K. Trowbridge, George E. Trowbridge, Jessie A. Trowbridge, Edmund P. Trowbridge, Nellie M. Trowbridge, and Ida F. Trowbridge appeal.    Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

James L. Bishop and Charles W. West, for appellants.

Benjamin F. Blair, for respondents Adeline Metcalf and others.

Miller, Peckham & Dixon, for respondents Benjamin A. Trowbridge and William H. Trowbridge.

RUMSEY, J.    The question presented in this case arises upon consideration of the twelfth clause of the will of George A. Trowbridge, who at the time of his death was a resident of the state of Massachusetts.    The court at special term held that the provisions of the twelfth clause of the will, so far as they tended to create a trust and give to the executors the power of sale of the lands in New York, were void, because those provisions operated to suspend the power of alienation beyond the time permitted by our statutes.    The correctness of this decision is disputed by the appellants, and whether or not it was correct is the only question presented upon this appeal.

By the twelfth clause of his will, the testator devised all the rest, residue, and remainder of his real estate, wherever situated, to the plaintiffs, who were appointed his executors, in trust, to hold and manage the same for the term of five years from the day of his death, and for a longer term if, in their judgment, they thought best, giving instructions as to the manner of management of the estate, and as to the disposition of the income during the life of his widow.    The same clause then gave to the executors "full power and authority to sell all the real estate situate in Framingham (Massachusetts) at any time before the expiration of said five years, if, in their judgment, it is best to do so;    *    *    *    and at the expiration of said five years, if my wife shall have died before the expiration thereof, or at her death, if she shall live longer than five years, I direct said trustees and the survivor to sell all real estate not then sold," etc.    The same clause contained a further provision: "And I give them a like and the same power and authority to sell and deed said real estate in New York after the expiration of said five years."    It is claimed by the respondents, and was so decided by the learned judge at special term, that this provision of the will with regard to the real estate in the state of New York suspended the power of alienation for an absolute term of five years, and for that reason was void.

In construing a will, it is hardly necessary to cite authorities to the proposition that, so far as it attempts to dispose of real estate situate in the state of New York, its validity can only be determined according to the laws of that state.    1 Jarm. Wills (5th Ed.) 1, note; Knox v. Jones, 47 N. Y. 389.    The construction of this will seems to be quite plain so far as the real estate in the state of New York is concerned.    There is a devise in the first place to these

trustees of that with all other real estate for an absolute term of five years, without any limitation whatever, with directions as to what shall be done with the income of the estate during that time. So far as the real estate in the state of New York is concerned, there is connected with it a power of sale, as there is with the real estate situated in the state of Massachusetts; but it is expressed in different terms from the power of sale of the Massachusetts property. By the express terms of the will, the power is given to the trustees to sell the real estate in Framingham, at any time before the expiration of five years; and there is an express direction and requirement to sell it at the end of that time, or at the time of the death of the testator's wife, if it shall occur after that time. But the power to sell the real estate in New York is differently expressed, and must necessarily be differently construed. The power to sell that estate does not come into existence until after the expiration of five years. We have therefore, in this twelfth clause, an express devise to the testator's trustees of the New York estate for a specified term of five years, with a practical prohibition of the right of sale of the property until after the expiration of that time. This operates to create an unlawful suspension of the power of alienation, which must be so framed in any event that it must expire at the expiration of two lives in being. 1 Rev. St. p. 723, § 15; Schettler v. Smith, 41 N. Y. 328; Garvey v. McDevitt, 72 N. Y. 556. The devise to the executors, therefore, is not valid, and no title passed to them by the will.

But it is claimed that, necessarily, by the terms of the twelfth clause of the will, there was created an equitable conversion of the real estate, because there was an absolute direction to the trustees to sell and distribute the proceeds to the children and grandchildren of the testator. To establish an equitable conversion of real estate into personalty by will, the will must direct the sale and the distribution of the proceeds as personal property absolutely for all purposes, irrespective of contingencies, and independently of any discretion as to whether there shall be a sale or not. 1 Jarm. Wills (5th Ed.) 584; McClure's Appeal, 72 Pa. St. 414; Pom. Eq. Jur. § 1160. Upon examination of this will, it is not at all clear that there is such an absolute direction to the executors to sell the New York real estate as would be sufficient to work an equitable conversion. Indeed, there is no absolute direction, but the power of sale is in these words: "I give them a like and the same power and authority." That like power and authority must refer to the power and authority given with regard to the Massachusetts real estate in the preceding part of the same clause; and, when we refer to those words, we find the power and authority there given simply to sell if, in their judgment, it was best to do so; whereas, with regard to the Massachusetts real estate, in addition to the grant of discretionary power and authority, there is a subsequent absolute direction at a certain time to sell without any regard to their discretion, which is absent from the will with regard to the New York real estate.

But passing that point, and conceding, for the purposes of the construction of this will, that there may be said to be in regard

to the New York real estate such an absolute direction to sell, free from all discretion, as would operate to bring about an equitable conversion, that conversion clearly does not come into existence until the time arrives when, by the terms of the will, the sale must be made. Savage v. Burnham, 17 N. Y. 561; Pom. Eq. Jur. § 1162. By the express provisions of this will, the sale of the New York real estate cannot be made until after the expiration of five years. Therefore, during those five years there is no equitable conversion, and the property remains real estate, and the devise must be considered as a devise of real estate, and not of personal property.

Although this devise to the trustees is void, so that the title does not pass to them, it is claimed that it may operate under the statute as a power in trust, giving to them the right to sell the real estate at the expiration of the five years, which is prescribed as the time when that sale shall be made. This construction, we think, cannot be maintained. The case in that regard is almost precisely like that of Garvey v. McDevitt, supra. In that case the testator attempted to devise the fee of his real estate to his executors for four years, upon certain trusts, at the expiration of which time it was to be sold, and the proceeds paid over to the bishop of Raphoe, upon certain other trusts specified in the will. The court, in construing the will, held that the devise to the trustees for four years was a suspension of the power of alienation not limited for a life, and was void. They held also that as it was the intention of the testator to pass the title to the trustees, and as that was necessary to enable them adequately to exercise the powers given in the will, they ought not to uphold the devise as a power in trust. With regard to the power of sale, the court held that it operated to suspend illegally the power of alienation, because there was no one in being who could release the right to the proceeds of the land before the time arrived for the execution of the power of sale, so that an absolute title to the land and its proceeds could be made. The same difficulty exists in this case. By the terms of the will, the New York property was not to be sold until after the expiration of five years. The proceeds, when divided, were to be divided among the children and grandchildren of the testator who should be living at the time the several sales were made, none of which could be made, as we see, until five years had expired from the death of the testator. Until the time came for each sale to be made, it could not be ascertained what grandchildren there would be in existence who would be entitled to the proceeds of the particular sale when it was made. For that reason, there was no one in existence before any sale was made who could release the proceeds of that particular sale, and thereby pass an absolute title to the land and the proceeds of it. There was therefore, during the five years before which the sales were to be made, no one in existence who was so entitled to the proceeds as to be able to release them; and, for that reason, there was an illegal suspension of the power of alienation, and the power in trust was not valid. Garvey v. McDevitt, supra; Chapl. Suspen. §§ 68, 289b; Dana v. Murray, 122 N. Y. 604, 26 N. E. 21.

It is claimed on the part of the appellants that the suspension of the power of alienation for a specified time, not measured by two lives in being, but by some prescribed period of time, is not necessarily fatal; and the case of Robert v. Corning, 89 N. Y. 225, is cited to establish that proposition. An examination of that case, however, will show that the absolute power of alienation was not suspended for any time, but that the will attempted only to prescribe the manner in which it should be exercised by giving a certain notice of the sale. So, in the case of Henderson v. Henderson, 113 N. Y. 1, 20 N. E. 814, a power of sale was given to the trustees, with a provision that they should not be compelled to exercise it until the lapse of five years from the date of the will. That case was clearly not within the prohibition of the statute, because the trustees had the right to exercise the power of sale whenever they saw fit. Neither was the case of Robert v. Corning. The delay there was merely incidental to the conversion of the property in the ordinary manner, and the will provided for such a notice of sale as would enable the trustees to obtain a fair price for the property. The case is distinguished in Cruikshank v. Home for the Friendless, 113 N. Y. 337, 351, 21 N. E. 64, in which it is again adjudged that when the power of alienation is supended for a time measured by years, and not by lives, it is invalid.

It is claimed by the appellants that, pursuant to chapter 452 of the Laws of 1893, there could be no suspension of the power of alienation, because there are at all times persons in being who are able to make a complete title. That suggestion is answered by reference to the fact that the only persons who can make a complete title are those who are actually in being at the time when each sale is made. This is not a case where the right to the proceeds vests in any given persons, subject to open and let in afterborn children; but the right is entirely in abeyance until the sale has been made, and the amount of the proceeds ascertained, which are then to be paid to the particular persons who then answer to the description of those entitled to them.

Upon the whole case, we are of opinion that the judgment of the special term was right, and must be affirmed, with costs to be paid by the appellants. All concur.