permitted at the trial to do anything more than answer categorically the questions that were put to him, and the thing to be decided here is whether those questions were answered truly or not. If they were answered truly, and the witness had no opportunity to give his version of the whole transaction, and the facts were not brought out, because the proper questions were not put to him, he certainly is not responsible for the conclusion which was to be reached as the result of his testimony. The witness upon the stand is required to answer the questions. He is not called upon, and usually is not permitted, to volunteer testimony; and, if counsel do not choose to ask him about a vital fact in the case, he is not responsible if that fact remains unproved. The plaintiff's counsel did not ask him about his authority. He asked him simply a set of questions which he was obliged to answer categorically. He gave him no opportunity to state whether he had authority or not, and, in view of that fact, the plaintiff certainly has no right to complain now that McKeige did not upon that trial give some information about a fact vital to the plaintiff's case, which the plaintiff gave him no opportunity to speak of. No man can be estopped for a failure to do something which he has no opportunity to do, and which it is not his duty to do. It appears here, without any contradiction, that that was the precise situation of McKeige upon that trial. For that reason, it was error of the court to submit to the jury the question whether he was estopped; and for that error, without considering the numerous other exceptions, the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. All concur.

(17 App. Div. 303.)

## MATTHEWS v. STUDLEY et al.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. CONVERSION—REALTY INTO PERSONALTY—POWER OF SALE.

    Testator bequeathed annuities to several persons and directed the trustees under his will to pay them out of his estate. By another clause of his will he gave to the trustees, "always subject to the foregoing gifts," all the residue of the estate, to receive the rents and income, and divide it among certain persons. By another clause he authorized the trustees to sell the real and personal estate as they shall deem proper, but expressed a wish that certain of the realty should be kept as an investment as long as possible. *Held*, that the will did not effect a conversion of the realty.

2. TRUSTS—CREATION—PAYMENT OF ANNUITIES.

    Testator, after giving annuities to various persons, which he directed his executors to pay out of the estate, gave the residue of his estate, "always subject to the foregoing gifts," to the executors in trust, to receive the rents and income and distribute them among certain persons. *Held*, that the payment of the annuities was not one of the purposes of the trust.

Appeal from special term, New York county.

Action by Adeline S. Matthews against Edwin B. Studley and Charles P. Sturtevant, as executors of the will of Albert P. Sturtevant, deceased, and others. There was a judgment in favor of defendants, and plaintiff and Ethel Shaw appeal. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Benjamin Yates, for appellant Adeline S. Matthews.

Schuyler C. Carlton, guardian ad litem for appellant Ethel Shaw.

Bronson Winthrop, for respondents executors and others.

Albert Sprague Bard, guardian ad litem for defendant Eliza Sturtevant.

Edwin S. Clinch, for respondent Emmeline Taylor.

RUMSEY, J. This is an action brought by one of the legatees under the will of Albert P. Sturtevant against the executors and other persons interested in that will, to obtain a construction of it. The executors, who were made parties defendant, also demanded in their answer a construction of the will. As a result of the trial the court found, substantially, that the different provisions of the will were valid, and construed it in accordance with the contention of the executors, and judgment was entered accordingly. From that judgment the plaintiff and one of the defendants, in like case with her, appeal. We shall not find it necessary upon the consideration of the appeal to travel over all the ground which was occupied by the special term in considering this will. Some of the conclusions reached by the special term are not questioned, and, as to some which are questioned, no exceptions were taken, so that the appellants are not in a situation to deny their correctness upon this appeal. We shall confine ourselves simply to the examination of the few questions which are necessarily before us upon the exceptions.

Albert P. Sturtevant, the testator, was a resident of the state of Connecticut. He was the owner of a large estate situated in that state, as well as of considerable real estate situated in the county of New York. He also was the owner of a large amount of personal property. He died on the 14th day of March, 1893. His will is dated on the 25th day of June, 1892, and was executed in the state of Connecticut. By this will he made some specific devises of his real estate to certain persons, but those devises are not necessary to be referred to any further in this opinion. He also bequeathed certain sums of personal property to legatees named in the will, and to his wife; but, as no question arises upon any of those specific bequests of the personal property, no further attention will be paid to them, except to say that the amount of personalty given by those bequests was something over $50,000, in addition to the use of all the personal property in and about his residence, including furniture, plate, pictures, and his horses, carriages, and harnesses, which were given to his wife for her life. The questions presented here arise substantially upon the tenth and eleventh clauses of this will, which will shortly be referred to more at length, and upon several other clauses bequeathing to certain persons annuities to be paid out of his estate. A large portion of the fortune of the testator consisted of an hotel in the city of New York known as the "Sturtevant House." This hotel was situated on Broadway, and belonged to the testator and his brother Charles P. Sturtevant as tenants in common. A portion of it was built upon property which they owned in fee, and the remainder upon ground leased by them. He owned, in addition to this, two other houses and lots in the city of New York,—one on

East Twenty-Seventh, and one upon East Twenty-Eighth street. In his will, as has been said, he gave directions for the payment of the following annuities: To his wife, Eliza Sturtevant, $5,000, for her life, in quarterly payments; to the wife of his son Charles P. Sturtevant, the sum of $600, in quarterly payments; to each of the children of Charles P. Sturtevant, the sum of $250 annually; to Emmeline Taylor, $1,000 annually. Those annuities were all given by the same form of words, which was as follows: "I direct my executors and trustees hereinafter named to pay out of my estate." Then followed the particular annuity which was directed to be paid. The testator also directed that all his just debts and funeral expenses should be paid out of his estate by his executors. The court at special term found as a conclusion of law that as the result of the direction just quoted, for the payment of the debts, the real estate of the testator was subject to a valid power of sale for that purpose. This finding of the court seems to be questioned by the appellants, who argue that it is erroneous. No exception, however, was taken by either of the appellants to this conclusion of law of the special term, and for that reason the correctness of it is not before us for review. It may be said, however, that the ruling of the court in that regard is not material, as we look at it, upon any question which is decided on this appeal. As it is not necessary for us to express any opinion upon the correctness of that conclusion, we expressly refrain from doing so, and the fact that nothing further is said about it is not to be taken as an assent to its correctness, if the point should subsequently be raised upon a like state of facts.

By the tenth clause of his will, which followed the bequest of all the annuities in the will, the testator devised and bequeathed to his executors and trustees, "always subject to the foregoing gifts," all the rest and residue of his estate, both real and personal, of every name and nature, and wheresoever situated, in trust for the uses afterwards mentioned in that clause. These trusts were substantially to invest and keep invested his personal estate, and to collect the income and interest thereof, and, after satisfying all expenses and charges, to divide it equally between certain persons, who are named as beneficiaries. The second subdivision of that clause required that the executors and trustees should let his real estate, and should collect and receive the rents and income from it, and, after paying the expenses and charges upon the property, should pay over the remainder to the same persons named as beneficiaries of the personal estate, in the same proportions. These persons were four in number. As to each one of them, respectively, the will directed that at his or her death the trustees should pay over to a certain person named in the will, absolutely, the same proportion of the principal of the trust which that person took in the income during his life, so that, as the result of the tenth clause, the trustees were directed to pay a certain proportion of the income and profits of the real and personal property to one of four persons during his or her life, and at the death of each of those persons to pay over the same proportion of the corpus of the estate, absolutely, to some one person designated to receive it. It is claimed by the appellants that this trust was void for the reason

that the power of alienation of the trust estate was, by the terms of the will, suspended for more than two lives in being at the death of the testator. So far as the particular provisions of the clause of the will under consideration are concerned, there is clearly no foundation for this claim. The clause in question created four separate and independent trusts,—one for each of the beneficiaries named in it. As to each of those trusts, by express provision of the will it was determined at the death of the person named as its beneficiary, so that, as a necessary result, each trust ended at the death of the person named as the recipient of the income of his portion of the estate. There were therefore four trusts, no one of which suspended the power of alienation for a greater period than a single life in being at the death of the testator. Savage v. Burnham, 17 N. Y. 561; Locke v. Trust Co., 140 N. Y. 135, 35 N. E. 578. Considered by itself, therefore, the trust created by this clause of the will is undoubtedly valid. Indeed, we do not see that any serious contention is made by the appellants upon this point, if it is held that there is no other trust created by the will than that contained in the tenth clause. But the appellants insist that, as a necessary construction of this will, the annuities given by the previous clauses, and which are by the terms of the will to be paid by the executors and trustees out of the estate, are included in the trust, and to be paid out of the income of the trust estate, and that, as those annuities are given to several people, the power of alienation of the trust estate must necessarily be suspended during the life of all the annuitants, as well as the separate lives of the beneficiaries named in the tenth clause, and therefore the power of alienation is necessarily suspended for more than two lives in being. This contention was answered at the special term by a holding that the necessary result of certain clauses of the will was to create an equitable conversion of the real estate into personalty, and therefore the tenth clause only operated upon personal estate, and that, as the testator was a resident of Connecticut, the transmission of the personalty was controlled by the laws of that state, and therefore the statutes of New York did not apply. As to the personal estate of the testator, and as to the real estate situated in the state of Connecticut, undoubtedly this is the true rule. Cross v. Trust Co., 131 N. Y. 330, 30 N. E. 125. But as to the real estate in the state of New York it is not the rule unless by fair construction of the will that has been equitably converted into personal property. Upon that point we find rather a peculiar condition of affairs. That portion of the Sturtevant House which stands upon leased ground was undoubtedly personal property, and passed to the executors under the will. 2 Rev. St. p. 82, § 6. And the exception to the tenth conclusion of law, thus holding, is not well taken.

The learned justice below found that the real estate known as the "Sturtevant House" was, upon the death of the testator, equitably converted into personal property. As to that finding no exception was taken, and, if it referred to all the real estate of the testator situated in the state of New York, the conclusion of the special term as to the validity of this trust must have been affirmed, for the reason that the question is not fairly before us for review. But the

special term also found that the two houses and lots in East Twenty-Seventh and East Twenty-Eighth street were, upon the death of the testator, equitably converted into personal property, and their transmission was governed by the laws of Connecticut, like other personal property. That finding was excepted to, and therefore the question is fairly raised, as to that property, at least, whether, by the terms of the will, it can be said that there was an imperative direction to the executors and trustees to sell the real estate which is necessarily connected with the scheme of the will. If that be so, undoubtedly there was an equitable conversion; but, unless that be the case, there was not such a conversion. To establish an equitable conversion of real estate into personalty by the will, it must require a sale of the real estate, and distribution of the proceeds as personal property absolutely for all purposes, irrespective of contingencies, and independent of any discretion as to whether there shall be a sale or not. Jarm. Wills (5th Ed.) 584; Trowbridge v. Metcalf, 5 App. Div. 318, 39 N. Y. Supp. 241. A mere discretionary power of sale produces no such result. White v. Howard, 46 N. Y. 144, 162, and cases cited. The power of sale was given by the eleventh clause of the will. It expressly authorizes the executors to sell the real and personal estate, at public or private sale, at such times and on such terms as they shall, in their discretion, deem proper and advisable. After that follows an expression of the wish of the testator that the Sturtevant House shall be kept as an investment as long as possible, but that this request shall not restrict the sale of it by the executors and trustees whenever they think it advisable. In view of this provision in the eleventh clause in regard to the Sturtevant House, it is quite peculiar that no exception was taken to the thirteenth conclusion of law in the decision that that property was equitably converted into personal property. It is quite clear that this provision of the eleventh clause of the will does not contain any imperative direction to the trustees to sell the real estate. It leaves not only the time and manner of sale, but the sale itself, entirely in their discretion. We are not able to find, upon an examination of the will, anything which enables us to say that a sale was necessary to the scheme of the testator. Indeed, the contrary seems clearly to appear. The tenth clause of the will contains separate directions as to the disposal of the income of the real and personal estate, and the second subdivision of that clause contains such directions as to the letting of the real estate as necessarily imply that it was not the idea of the testator that that should be sold. Indeed, taking that part of the tenth clause in connection with the request of the testator in the eleventh clause that the Sturtevant House should not be sold unless it were necessary, there must be implied an intimation that the testator did not intend that there should be a sale of the real estate unless the trustees concluded that it was absolutely required. For these reasons, we do not agree with the learned justice at special term that there was an equitable conversion of the real estate, and therefore this trust cannot be pronounced valid for the reason that it is practically a trust of the personal property, and not governed by the law of the state of New York.

But nevertheless we think that the claim of the plaintiffs that the trust was created for the payment of the annuities is not well founded. The express terms of the trust require the payment of the income of the trust property, after expenses and charges upon it shall have been satisfied, to the beneficiaries named therein. The trust does not in terms apply to the annuities, and they cannot be brought within the trust unless it can be said that they are payable out of the income of the estate, as expenses and charges thereon. This construction will not be given to the bequest unless it is necessary, because a trust will never be implied where it will render the will illegal. Greene v. Greene, 125 N. Y. 506, 26 N. E. 739. Nor will the trust be extended to cover provisions in the will, the effect of which would be to invalidate it, unless that construction is necessarily required by the terms of the will. The several bequests of the annuities are made before the trust estate is created, and the rest and residue is given to the executors and trustees in the clause creating the trust estate, subject expressly to the foregoing gifts;- that is, subject to the bequests of the annuities. By fair inference, then, the estate which the trustees took under the tenth clause is that portion of the estate which is left after providing for the annuities. To be sure, the annuities are to be paid by the executors and trustees; but that direction in the bequest of annuities is to be taken in connection with the further direction that the annuities are to be paid by the executors and trustees out of the estate, and that the trustees take subject to that direction for payment. While the estate is given to them as trustees, and the payment of the annuities is to be made by them out of the estate, it clearly is not to be made as a duty arising from the trust, nor out of the income; but the estate given to them is charged with the annuities because they take the legal title to it, precisely as it would have been charged had it been given to any other person absolutely for his own benefit, subject to the same annuities. In such a case as that, no one would claim that a trust had been created to pay the annuity. It has been held that where the annuity is given to a legatee, and charged by the testator, in his will, upon the real and personal estate, it is not a property held in trust for the legatee, but an absolute legacy, the payment of which out of the estate upon which it is a charge may be enforced in equity by the legatee. Degraw v. Clason, 11 Paige, 136. That rule clearly applies here. For the purposes of construction of this will, the executors must be regarded as taking the legal title subject to the gift of an annuity; and it is their duty to provide for the payment of the annuity out of the estate, and not out of the income of the estate, for by express terms it is given out of the estate. It is quite true that by the Revised Statutes an express trust may be created to sell, mortgage, or lease real property for the benefit of annuitants, or to satisfy a charge upon that property, but it will not be assumed that an estate is given in trust for that purpose unless it appears by necessary inference that the payment of the annuity is one of the purposes of the trust. We have shown, we think, that such is not one of the purposes for which this trust is created. The payment of the annuities cannot be imported into the body of the trust. These annuities stand as a charge upon the legal

estate held by the trustees, to be provided for out of the corpus of the estate, and before any income can be created to be devoted to the purposes of the trust. Giving that construction to the will, the necessary result follows that the trusts in the tenth clause must be construed without regard to the annuities, and that, thus construed, it is clearly valid.

These considerations dispose of the questions raised by the appellants upon the construction of the will. The only objection which remains to be considered is that one which refuses to the plaintiff an accounting. In that we think the learned justice was clearly correct. The will was proved in the state of New York on the 2d day of May, 1895, and letters testamentary were then issued to the executors in this state. By express provision of the statute, a judicial settlement of the estate could not be compelled in the surrogate's court until one year had expired since the will was admitted to probate. Code Civ. Proc. § 2807. This action was begun in December, 1895, about six months after the letters testamentary were issued to the executors in this state. No proceeding for an accounting could have been taken in the surrogate's court until May, 1896. While we are not prepared to say that, if it were necessary, one interested in an estate could not take proceedings in the supreme court to compel an accounting by executors sooner than 12 months after they were appointed, yet such an action would not be permitted unless special reasons were shown for it. Indeed, no proceeding for an accounting of executors in the supreme court will ever be permitted unless special reasons are shown why such an accounting cannot or ought not to be taken in the surrogate's court. That court is the proper tribunal for such proceedings, and it is not necessary or proper to remove them into another court, in the absence of special reasons which require that course to be taken.

Upon the whole case, we are satisfied that the conclusions reached by the learned justice at the special term, and the judgment entered upon his decision, must be affirmed, with costs to be paid by the appellant. All concur.