Appeal from Municipal Court, Borough of Bronx, Second District. Action by Walter H. Dixon against Irving Bunnell. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Weeks W. Culver, for appellant.

Paul M. Crandall, for respondent.

---

(117 App. Div. 583)

In re FOGARTY'S ESTATE.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. EXECUTORS—ACCOUNTING—COURTS—JURISDICTION.

The Supreme and Surrogate's Courts have concurrent jurisdiction to require executors and trustees, and in case of their death, their legal representatives, to account for their acts so far as property has come into their hands, but the Supreme Court's jurisdiction will not ordinarily be exercised, if the jurisdiction of the surrogate is adequate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 2000-2013.]

**2. SAME—SURROGATE'S COURT—JURISDICTION—TITLE TO REAL ESTATE.** `· , · ·`

Where a surrogate's court had no jurisdiction to try title to certain real estate involved in a proceeding to compel an accounting by the personal representatives of an executor and trustee, the application for such accounting should be dismissed, and the question relating to the title determined before an accounting should be ordered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2003.]

Appeal from an order of the Surrogate's Court, New York County.

Application for an order requiring Sarah A. O'Reilly, as executrix of and trustee under the will of Hugh O'Reilly, deceased, to file a verified account of the proceedings of her testator, as executor and trustee under the will of Patrick A. Fogarty, deceased. From an order granting such relief, Mrs. O'Reilly appeals. Reversed, and petition dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

E. W. S. Johnston, for appellant.

Richard H. Clarke, Jr. (Franklin H. Mills, on the brief), for respondent.

McLAUGHLIN, J. It appears that Patrick A. Fogarty died February 25, 1889, leaving a last will and testament, in and by which he appointed Hugh O'Reilly, William Purcell, and the petitioner, Patrick Skelly, executors and trustees. Letters testamentary were issued to them, and they qualified and entered upon the discharge of their duties. By a proceeding instituted in the Surrogate's Court, of which all parties in interest had due notice, the accounts of the executors were duly settled by a decree of the Surrogate's Court, made and entered on the 17th day of January, 1895, as of the 31st day of December, 1894, and the executors were discharged upon paying over to themselves as trustees under the will the sum of $11,247.64. The letters issued to Purcell were revoked on the 29th day of October, 1895, and it appears that subsequent to the time of his discharge as executor and up to the time of his death, on March 7, 1900, he did not act as trustee. The petitioner, Skelly, and the decedent, O'Reilly, remained trustees until the death of the latter on March 21, 1904, but it is alleged by the petitioner that the decedent, O'Reilly, was the active trustee. It is in effect admitted in the petition that the decree settling the accounts of the executors was complied with, and that the trustees, including the deceased trustee, have accounted for the money received by them as trustees from themselves as executors. It is also alleged that the decedent was the active executor, and that in the accounting of the executors, of which he had charge, they accounted for one-half of the rents, issues and profits of the premises known as "No. 81 Ridge street, borough of Manhattan, N. Y." It appears by the answer of the appellant that in the accounting they accounted for one-half of the rents, issues, and profits of said premises from Fogarty's death, which occurred on February 25, 1889, down to and including the 31st day of December, 1894. It now appears that a deed of said premises, signed and acknowledged by the deceased executor, individually, and

his wife, bearing date October 23, 1883, to said Fogarty, was record-
ed on the 30th day of June, 1903. The theory of the petitioner is that
the title to said premises was in Fogarty from the date of said deed,
and that the deceased executor, who personally received the rents, is-
sues, and profits of the premises, should have accounted for the whole,
instead of one-half, and the moving and reply papers, though vague
and indefinite on this subject, may be open to the inference that it is
also claimed that he received and failed to account for the rents, is-
sues, and profits of the premises from the time of the accounting down
to the time of his death. At most, however, the petitioner seeks an
accounting concerning one-half of the rents, issues, and profits of
this parcel of land from the date of the deed to the former account-
ing, and for the entire rents, issues, and profits from that time until
the death of the deceased trustee. The personal representative of
the deceased trustee, whom the petitioner desires to have account for
his acts as executor and trustee, interposed an answer to the petition,
setting up the former accounting as a bar, denying that the deceased
trustee had failed fully to account, alleging that one-half of the rents
for which he accounted constituted a gift to the children of Fogarty,
and that he likewise paid over as a gift to the children of Fogarty a
like proportion of the rents, issues, and profits of the said real estate
between the date of the accounting and the time of his death; but,
in substance, alleging that he was under no legal obligation so to do,
as the title was in him, and specifically alleging that the deed was
never delivered and never became operative, and that during the last
illness of the deceased executor the deed was surreptitiously taken from
his custody and subsequently placed on record without his authority
or knowledge, and that, therefore, the title to real estate is necessarily
involved in the accounting which the petitioner seeks, and consequently
the Surrogate's Court is without jurisdiction.

The learned counsel for the petitioner insists that the recording of
the deed nearly 20 years after its execution, and even long after the
death of the grantee, raises a presumption of due delivery, and that
the accounting must be had according to the record title as shown
by this deed. Even though there be such a presumption, a question
which it is not necessary to decide on this appeal, the presumption is
overcome by the facts alleged in the answer. If the deed was not de-
livered, it, of course, did not become operative. The appellant cannot
be compelled to account until she has an opportunity, in a court of
competent jurisdiction, to try that question on the merits. The Su-
preme Court and the Surrogate's Court have concurrent jurisdiction
to require executors and trustees, and, in case of their death, their
personal representatives, so far as property has come into their hands,
to account for their acts, and ordinarily the Supreme Court will refuse
to exercise its jurisdiction; but where, as here, the jurisdiction of the
Surrogate's Court is insufficient to determine all of the questions neces-
sarily involved, the Supreme Court will exercise jurisdiction. Hard
v. Ashley, 117 N. Y. 606, 23 N. E. 177; Sanders v. Soutter, 126 N.
Y. 193, 27 N. E. 263; Douglas v. Yost, 64 Hun, 155, 18 N. Y. Supp.
830; Matthews v. Studley, 17 App. Div. 303, 312, 45 N. Y. Supp. 201;
Strong v. Harris, 84 Hun, 314, 32 N. Y. Supp. 349; Blake v. Barnes

(Sup.) 18 N. Y. Supp. 471. The Surrogate's Court, being a court of limited jurisdiction, and being without jurisdiction to try the title to the real estate, should have dismissed the petition upon it being thus made to appear that a question relating to the title of the real estate, which should be decided before an accounting should be ordered, was involved, Matter of Spears, 89 Hun, 49, 35 N. Y. Supp. 35.

It follows that the order should be reversed, with $10 costs and disbursements, and the petition should be dismissed, with $10 costs. All concur.