JOSEPH M. TRAVIS v. MICHAEL J. MYERS, Assignee, etc.

CHARLES F. BROOKER, Administrator, etc., v. THE SAME, Respondent.

JOSEPH POTTER, Appellant, v. THE SAME, Respondent.

Where different actions have been brought by creditors, in behalf of themselves and the other creditors, against an assignee for the benefit of creditors, for an accounting and closing of the trust, the court has power to make an order to compel all the creditors to come in and prove their claims in the suit first brought, or wherein interlocutory

judgment is first obtained, and to stay all proceedings in the other actions.

The terms of the order are within the discretion of the court, and cannot be reviewed here.

(Argued December 12, 1876; decided December 19, 1876.)

THIS was an appeal by Joseph Potter, plaintiff in the action last entitled, from an order requiring the creditors of defendant's assignors to come in and prove their claims in the action secondly above entitled, and restraining proceedings in the others.

These actions were brought by plaintiffs, in behalf of themselves and other creditors, against defendant, as an assignee for the benefit of creditors, for an accounting and closing up of the trust. An interlocutory decree was obtained in the second action, directing an accounting, etc.; whereupon a motion was made, on behalf of defendant, requiring all the creditors to come in in that action and prove their claims, and to restrain further proceedings in the other actions; which motion was granted.

*Joseph Potter*, appellant, in person.

*H. M. Taylor* for the respondent.

*Per Curiam.* The Supreme Court had power to make the order complained of and to compel creditors and claimants, of whom the appellant is one, to come in and prove their claims in the suit first brought by one creditor in behalf of himself and all others for an accounting by the assignee and the closing of the trust, and to stay proceedings in other actions. Such order was authorized by statute, and in conformity to the established practice of the court. (2 R. S., 183, § 106; *Innes* v. *Lansing*, 7 Paige, 583; *Blodgett* v. *Kerr*, 48 N. Y., 62; *Erie R. R. Co.* v. *Ramsey*, 45 id., 637; *In re Hemiup*, 2 Paige, 319.) An interlocutory decree having been made in the suit of Brooker, the order was properly made in that action. It would have been proper and no more than just to

the present appellant had the order provided that the evidence taken in pursuance of the order of reference in his action should have been made available in the proceedings before the referee in the Brooker action. But the granting of the order and its terms were within the discretion of the court below, and cannot be reviewed in this court.

The appeal must be dismissed.

All concur.

Appeal dismissed.