PETER SCHUEHLE, Respondent, *v.* JACOB REIMAN as Assignee, etc., Respondent, JAMES CRATE et al., Appellants.

A surety upon the bond, given as required by the act of 1877 (§ 5, chap. 466, Laws of 1877) by an assignee for the benefit of creditors, brought an action in his own name, not stating it was for the benefit of others, against the assignee alone for an accounting and settlement of the trust; a referee was appointed therein to take proof, with directions to publish a notice to persons having claims to present them with vouchers in pursuance of section 786 of the Code of Civil Procedure. It was also provided in the order that any creditor might object to a claim presented, and thereupon the referee might take the proofs and report as to its validity. Subsequently, upon petition of creditors, the county judge issued a citation requiring the assignee to appear and show cause why a settlement of his accounts should not be had. *Held*, that an order was improperly granted in the action restraining the proceedings before the county judge; that said section of the Code only authorizes publication of notice when an action is brought for the collective benefit of creditors, and this was not such an action; that no creditor could be bound by the judgment, nor could the purpose of the proceeding be affected in the action; that the creditors were in no sense parties to the action, and the court had no jurisdiction over them.

*It seems* that where the object of two judicial proceedings is the same an order is proper restraining action in one, and this whether they are both pending in the same court or in different tribunals.

Where the actions are pending in different courts having equal or concurrent jurisdiction, its exercise should be continued in that one whose process was first served.

(Submitted June 14, 1881; decided October 4, 1881.)

APPEAL from order of the General Term of the Superior Court of Buffalo, made April 20, 1880, which affirmed an or-

der of Special Term, the substance whereof is hereinafter stated.

On the 2d day of April, 1878, Quipp & Duke assigned their property to the defendant Reimann in trust for the benefit of their creditors. He gave the bond required by statute (Laws of 1877, chap. 466, § 5), and the plaintiff, with one Flach, became sureties thereon. On the 24th of July, 1879, the plaintiff commenced this action in the Superior Court of the city of Buffalo, in his own name, not stating that it was for the benefit or in behalf of others, against the assignee alone, for an accounting and settlement of the trust, to the end that he, as surety, might "be protected in the premises." The defendant, by answer, averred his readiness to render an account. On the 24th of September, 1879, by consent of both parties to the action, a referee was appointed to take and state the account of the assignee, with authority, among other things, to take proofs and report as to what persons are entitled to share in the distribution of the assigned estate, and in what order and proportion. It was also ordered that all persons having claims against the assignors present them, with the vouchers, duly verified, to the referee; and he was required to publish a notice to that effect, in pursuance of section 786 of the Code of Civil Procedure. It was provided in the order that any creditor might object to any claim so presented, and that the referee should thereupon "take the proofs and report as to the validity of such contested claims." Thereafter, and on the 16th of January, the county judge of Erie county, upon the petition of Crate and three other creditors of Quipp & Duke, issued a citation requiring the assignee to appear before him on the 2d day of February, 1880, and show cause why a settlement of the account of his proceedings as assignee should not be had, and if no cause should be shown, to proceed to a settlement of such account. Afterward, and before January 30, the referee issued a notice to creditors of Quipp & Duke, in pursuance of the order of September 24, and was proceeding thereunder. Thereupon, upon the application of the assignee, and upon notice to Crate and the other petitioning

creditors, the Special Term of the Superior Court made an order restraining them from proceeding under the citation of the county judge and requiring them to present and establish their claims under the order of September 24.

*John M. Chipman* for appellants. The order is appealable to this court. (Code, § 190; *Wood* v. *Swift*, 81 N. Y. 31.) The Superior Court of Buffalo could not legally grant an injunction order in that court restraining the creditors from proceeding in the County Court, for the reason that they were not parties to the action in the Superior Court. (*Prouty* v. *Michigan, etc., R. R. Co.*, 1 Hun, 655; *Wallace* v. *Society, etc.*, 67 N. Y. 29; Van Santv. Eq. Pr. 70; 1 Barb. Ch. Pr. 519.) A defendant can have an injunction only on service of a complaint in the nature of a cross-suit. (*Thursby* v. *Mills*, 1 Code R. 83; 2 Wait's Pr. 61; Bliss' Ann. Code, 474.) A defendant may bring his cross-suit or move for a stay in the case in which the stay is desired. (4 Robt. 624; 43 How. 22; 1 Code R. 83.) Even if the Code authorized the enjoining of persons not parties to the action, yet the Superior Court of Buffalo had no jurisdiction to prohibit the four creditors from proceeding under the statute in the County Court. (*Chipman* v. *Montgomery et al.*, 63 N. Y. 221–236.) If any stay in the County Court was proper, to that court should application have been made. (*McCarthy* v. *Peake*, 9 Abb. 164; *Peake*, 18 How. 138; *Minor* v. *Webb*, 10 Abb. 284; *Wood* v. *Swift*, 81 N. Y. 31.)

*Chas. H. Ribbel* for respondent. The interlocutory decree impleads all parties and interests, and the court, therefore, had full power to make the order appealed from, and it is not reviewable here. (*Travis* v. *Myers*, 67 N. Y. 542; Code of Civil Pro., § 267.) The Supreme Court of Buffalo, having obtained jurisdiction of the subject-matter, and rendered judgment that the assignee account, it was a matter of course and the usual practice of the court, to make the order appealed from. (*Inness* v. *Lansing*, 7 Paige, 583; *Rogers* v. *King*, 8

id. 209 ; *Groshen* v. *Lyon,* 16 Barb. 461 ; *Travis* v. *Myers,* 67 N. Y. 542 ; *Kerr* v. *Blodgett,* 48 id. 62.)

DANFORTH, J. Where the object of two legal proceedings is the same, convenience as well as a proper regard for the rights of debtor and creditor require if possible that the fund in which both are interested should be subjected to diminution by one litigation only, and the parties themselves spared the unnecessary labor and expense of conducting two controversies over the same matter. It would seem also that if both tribunals, whose interference has been invoked, have equal or concurrent jurisdiction, it should continue to be exercised by that one whose process was first issued. (*Rogers* v. *King,* 8 Pai. 210 ; *Groshon* v. *Lyon,* 16 Barb. 461 ; *Travis* v. *Myers,* 67 N. Y. 542.) It is well settled that to secure this end an order may be made by the Supreme Court restraining proceedings in all but one action, whether they are pending in that court or before other tribunals, as in *Rogers* v. *King* (*supra*), where one creditor was proceeding against an executor in chancery and another by citation before the surrogate, each calling for an account ; or in *Travis* v. *Myers* (*supra*), where several actions were pending in the Supreme Court against an assignee for the benefit of creditors for an accounting and settlement of the trust. But in these and other cases where the question has arisen, it appeared that the action was brought in behalf of others having an interest in the fund, and not in behalf of the plaintiff alone. This fact was in the cases cited by the respondent. (*Travis* v. *Myers, supra ; Innes* v. *Lansing,* 7 Pai. 583 *Kerr* v. *Blodgett,* 48 N. Y. 65.) In *Rogers* v. *King* (*supra*), they were actually brought in as defendants, and in *Groshon* v. *Lyon* (*supra*), they had appeared by counsel and contested the account. Where the complaint is so framed and the subsequent proceedings conform to the practice of the court, such other parties, whether they come in or not, will be bound by the judgment or other act of the court (*Hallett* v. *Hallett,* 2 Pai. 19 ; *Egberts* v. *Wood,* 3 id. 520) ; but not otherwise. Indeed, the order or decree of September 24, directing the reference in this case, proceeds upon the same theory. It requires the no-

tice which is to bring in the creditors of the assignor to be published as required by section 786 of the Code of Civil Procedure. But that section only authorizes the publication of such a notice when an action is brought for the collective benefit of the creditors of a person or an estate, or for the benefit of a person or persons other than the plaintiff who will come in and contribute to the expense of the action. It is plain that this is not such an action. No creditor would be bound by the judgment rendered, nor could the purpose of the proceeding before the County Court be effected in the action. The decision upon the accounting should be final. Under the petition of the creditors all parties interested in the fund, including the sureties of the assignee, would be bound. Under any judgment which could be rendered in the action no one save the parties thereto would be affected. As to the general jurisdiction of the court below over the trust created by the assignment we have no doubt. It possesses the power of a court of equity, and in this respect the jurisdiction of the County Court is concurrent with it, but not exclusive. (Laws of 1877, chap. 466, § 25.)

It is not necessary to consider whether the plaintiff could in any event maintain an action for his own discharge from liability as surety, without making all the creditors who are interested in the fund, for the due accumulation and distribution of which he is liable, parties to the action by name; nor whether his relation to them grows out of a common interest; for he has not professed to bring the action in their behalf. It is obvious, however, that his interest is served by relieving the assignee from liability, while that of the creditors will be promoted by requiring a rigid performance of duty not only in regard to the fund in hand, but for any "sum which might or ought to have been collected by him." (Laws of 1877, *supra*, § 23.) In such a case, they would seem to be entitled to an opportunity of being heard concerning every step in the proceeding. But for reasons before stated, we think the appellants were in no sense parties to the action, and that the Superior Court of Buffalo had no jurisdiction over them.

The orders of the Special and General Terms appealed from should be reversed, and motion for injunction denied, with costs.

All concur.

Ordered accordingly.