AMAND HURTH, Respondent *v.* GEORGE BOWER, Appellant.

*General assignment — the Supreme Court may entertain an action to compel an assignee to account — it is not confined to the notice to creditors prescribed by the statute — Chap. 466 of 1877, and 318 of 1878, did not confer exclusive jurisdiction upon the County Court.*

Chapter 466 of 1877, as amended by chapter 318 of 1878, conferring upon County Courts jurisdiction over assignees for the benefit of creditors, and over all matters connected with their duties, does not deprive the Supreme Court of its jurisdiction over an action brought therein by a creditor to compel such an assignee to appear and account.

*It seems,* that an act attempting so to do would be unconstitutional;

The court should not refuse to exercise its jurisdiction in such a case where no proceedings have been commenced in the County Court.

When in such a case the Supreme Court refers the action it may prescribe the notice to be given by the referee to the creditors of the assignor. It is not confined to or obliged to adopt the notice prescribed by the statutes.

Appeal by the defendant from parts of an order of reference made at a Special Term.

The action was brought to compel an accounting by the defendant who is an assignee for the benefit of creditors. The order referred the action to a referee to hear, try and determine the same; to take and state the account of the defendant; to ascertain, determine and report the amount of assets and funds in the hands of the defendant or with which he is chargeable as such assignee; the amount of the claims of the plaintiff and such other interested persons who shall come in and contribute to the expenses of the action; for that purpose directing the referee to cause a notice for such persons to come in and exhibit their demands by a day and at a place in Elmira, New York, to be designated and fixed by him by the notice as a peremptory day for that purpose, to be published in the manner provided by Code Civil Procedure (§ 786); and that such of them as shall not come in and exhibit their demands by the time limited, and prove the same before the referee, shall be excluded from the benefit of said order, and of the judgment and decree in this action and from sharing in the distribution of the fund; that such persons who shall come in shall contribute to the plaintiff their proportion

of the expenses of the action to be settled by the referee ; and allowing costs of the motion to the plaintiff if he be awarded costs in the action payable as such costs shall be directed to be paid.

*Gabriel L. Smith,* for the appellant.

*Roswell R. Moss,* for the respondent.

BY THE COURT :

This is an appeal from an order referring this action to a referee to take and state the account of the defendant as an assignee for the benefit of creditors. If the action is properly brought, an order of this kind should undoubtedly be granted. But the defendant by his appeal seeks to raise the question whether an action of this nature ought to be sustained. The defendant urges that since the passage of chapter 466, Laws 1877, as amended by chapter 318, Laws 1878, the County Court has complete jurisdiction over assignees for the benefit of creditors and all matters connected with their duties, and, therefore that the Supreme Court should not take jurisdiction of such matters. And the defendant cites *Chipman* v. *Montgomery* (63 N. Y., 221), which held that this court should not entertain an action for the accounting of an executor or administrator. The cases are not, however, analogous. The care and distribution of the estates of deceased persons belonged originally to the Ecclesiastical Courts. It was only in exceptional cases that Chancery took jurisdiction. The Surrogate's Courts have succeeded to the Ecclesiastical Courts ; and the Supreme Court, as the successor of the Court of Chancery, takes jurisdiction only for exceptional reasons of matters belonging to the Surrogate's Courts.

On the contrary, the accounting of assignees and other trustees belongs to the Courts of Equity. If a statute has given jurisdiction of any such action to the County Court, that does not take such jurisdiction from the Supreme Court. Probably the Constitution forbids this, and at any rate it always has been a rule of the Equity Courts that if they once have had jurisdiction of a subject, they retain such jurisdiction, even though other courts may extend their jurisdiction to include such subject. (*Converseville Co.* v. *Chambersburgh Co.,* 14 Hun, 609 ; *Schuehle* v. *Reiman,* 86 N. Y., 270.) We have no

doubt, therefore, that this court has jurisdiction of this subject and of the present action.

Nor should the court refuse to exercise this jurisdiction, when no proceeding has been commenced in the County Court. There are reasons why a plaintiff may prefer to proceed by ordinary action in a court having general jurisdiction of the subject, rather than to take a statutory remedy in a court whose jurisdiction is not general and depends on a special statute. These views are in harmony with those expressed in *Noyes* v. *Newburgh*, First Department, May, 1882.

Again, the defendant urges that the order is erroneous in those parts which require the referee to give a certain notice to creditors to exhibit their claims and which directs the notice to be given by publication. He urges that the statute above cited requires a notice personally or by mail. But the form of the order is in accordance' with the practice of the court in such cases. (Code, § 786.) A court of general jurisdiction may have some discretion in the mode of giving notice to persons in such cases, while a mere statutory system usually restricts the mode of notice and permits no other than that specified.

It was also urged by the defendant that some creditors may have presented their claims before the assignee under the advertisement authorized by the statute, that such creditors, having already presented their claims, will pay no further attention to the matter and may be deprived of their just rights by this order. But if they have presented their claims to the defendant we cannot assume that he will so neglect his duty as not to present such claims to the referee.

The object of the reference is to ascertain what claims exist, in order to make a distribution among all. And the defendant would be culpably remiss in his duty of distributing the assets if he should fail to present to the referee all the claims which he has received. We need not assume that he will do such a wrong and expose himself to loss for such neglect of duty.

The complaint alleges several particulars of misconduct on the part of the defendant in the discharge of his duty. Those allegations, if true, furnish a reason why the plaintiff brought this action instead of proceeding in the County Court. It has always been the special province of the Court of Equity to control trustees and to

redress any wrongful or fraudulent acts on their part tending to the injury of the trust estate. And jurisdiction over those matters this court will not surrender.

The order is affirmed, with ten dollars costs and printing disbursements, against the defendant personally.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

So ordered.