### GARLOCK *v.* VANDERVOORT *et al.*

(*Supreme Court, Special Term, Ontario County.*   October 9, 1888.)

WILLS—ACTIONS TO CONSTRUE—FORMER ACTION PENDING.

An action by the executor to construe a will as to the rights of certain legatees to take under it should be dismissed where it appears that a proceeding is pending before surrogate, instituted by one of said legatees, to require a judicial accounting by the executor, in which all the parties interested have been cited, and that the same issues raised by the action could be determined by the surrogate in the proceeding mentioned.

Action by Peter Garlock, executor, etc., of Thomas Vandervoort, deceased, against the legatees under said will, to construe it.

*S. S. Partridge* and *E. K. Burnham*, for plaintiff.   *John S. Andrews*,

(*Jas. C. Smith* and *Frank Rice,* of counsel,) for defendant Gilbert M. Vandervoort.   *Thos. H. Bennett,* for defendant I. Spencer Vandervoort.   *James A. Robson,* guardian *ad litem* for infant defendant Clara Vandervoort.   *O. C. Armstrong,* guardian *ad litem* for infant defendants Ellen Vandervoort and William Vandervoort.   *Orion M. Lincoln,* guardian *ad litem* for infant defendants Alfred W. Garlock and Jessie W. Garlock.

ADAMS, J.   When this case was before the court upon a motion made by the plaintiff to continue the injunction which had been granted to restrain the further prosecution of certain proceedings in the surrogate's court of Ontario county until the determination of this action, the court, in granting the motion, took occasion to say that it did so contrary to its own inclination, and in deference to a former decision of the special term.   A more careful and deliberate examination of the question which has been so exhaustively presented by the learned counsel for the respective parties convinces me that my first impressions were correct, and ought to be adhered to.   It appears by the undisputed evidence in this case that prior to the commencement of this action, and on or about February 18, 1885, the defendant Gilbert M. Vandervoort, as one of the executors of the will of Thomas Vandervoort, deceased, filed in the surrogate's court of Ontario county his verified petition, praying for the judicial settlement of his accounts as such executor; that thereupon citation was duly issued to all persons interested in the estate of the decedent, to attend such judicial settlement on the 9th day of March, 1885; that such citation was duly served upon all persons named therein, being each and every person designated as a party to this action, and that the same was duly returned with proof of such service, and filed in the surrogate's office on the 9th day of March, 1885; that subsequently the petitioner filed his account, duly verified, with the accompanying vouchers. Whereupon the plaintiff, in his representative capacity, and the defendant I. Spencer Vandervoort, filed objections to the same, which objections presented the question whether the third paragraph of the first codicil to the will of the testator, Thomas Vandervoort, was valid and effectual to prevent the petitioner and his descendants from receiving a devise or bequest under such will.   Thus it will be seen that the surrogate's court had acquired jurisdiction of the persons of all the parties to this action, and in a proceeding which presented the precise issue which the plaintiff contends is the principal one to be determined by this action, and it seems to be well settled that, if the determination of that issue called for a construction of the will of Thomas Vandervoort, as an incident to the proceeding, the surrogate had jurisdiction, concurrent with the supreme court, to give such construction.   *Purdy* v. *Hayt,* 92 N. Y. 446; *In re Verplanck,* 91 N. Y. 439; *Riggs* v. *Cragg,* 89 N. Y. 479.   It appears to be equally well settled that where actions or proceedings to attain the same object, or in which the same questions are being litigated, are pending between the same parties in different tribunals having equal or concurrent jurisdiction, it should continue to be exercised by the one whose process was first issued.   *Schuehle* v. *Reiman,* 86 N. Y. 270; *Travis* v. *Myers,* 67 N. Y. 542; *Rogers* v. *King,* 8 Paige, 210; *Lewis* v. *Maloney,* 12 Hun, 207.   Upon the former hearing in the case, already adverted to, while this principle was recognized jurisdiction was retained by the court upon the assumption that by so doing the estate represented by the plaintiff might be saved the expense of separate proceedings which would have followed a different determination of the question, but now, with all the facts more fully in the possession of the court, it feels itself constrained to apply more vigorously the rule laid down in the authorities above cited, for the reason that it clearly appears this action is one which ought never to have been brought, and that it is one which the plaintiff ought not to be permitted to maintain.

The pretext for bringing the action is the alleged necessity of obtaining a judicial construction of the will of the decedent, Thomas Vandervoort, but a careful reading of the complaint leads irresistibly to the conclusion that this is nothing more than a pretext. The first question concerning which the plaintiff claims that he requires the advice of the court is as to the legal residence of Ellen G. Lincoln, a daughter of the plaintiff, and a legatee in the will; but it appears that this question has not proved sufficiently vexatious to prevent the payment of the legacy, a construction which the facts would certainly seem to warrant the plaintiff in giving to the will. If, however, there were any diversity of opinion respecting his duty in this regard, no case would be presented for the intervention of a court of equity in construing the will, but rather one of fact, which would very properly come before the surrogate for adjudication. In respect of the right of the defendant Gilbert M. Vandervoort and his descendants to take under the will after the presentation by him of a claim against the estate, it seems equally clear that no case is made which justifies an application to this court for a construction of the will. The question at issue relates simply to the distribution of moneys in the plaintiff's hands as executor. By the fifth clause of the will provision is made for the payment of a legacy of $500 to Gilbert, and by the succeeding clause he takes an equal share of the residuum. By the third clause of a codicil subsequently executed by the testator, it is provided that, if any of his children shall present any claim or claims against his estate, any devise or bequest made to any son or daughter presenting such claim or claims shall become null and void. It is admitted that Gilbert, a son, has presented a claim against the estate which has been allowed and paid, and the plaintiff contends that this fact makes necessary a construction of the will. If this contention is well founded, of which I entertain serious doubt, such construction is an incident to the determination of the proceeding which has been instituted by Gilbert in the surrogate's court, and, as has already been stated, may very properly be passed upon by the surrogate. There is no possible view of the case which will justify this court in entertaining the action for the purpose of giving the construction asked for. If that procedure were necessary, in order to guide or instruct the executor as to his duty, there is no question as to the jurisdiction of the court, although no continuing trust is created by the will, inasmuch as an executor is always regarded a trustee of the personal estate of a testator. *Wager* v. *Wager*, 89 N. Y. 161. But with the knowledge brought home to the plaintiff that an adjudication of the two questions presented in this action might be obtained in the proceeding pending before the surrogate, whose decision, if not satisfactory, could easily be reviewed by the supreme court, no necessity whatever existed for subjecting the testator's estate to the burden and expense of a suit in equity. As was said by the court in one of the authorities cited by defendant's counsel, "it is the duty of courts to scrutinize such actions as this," and "executors ought not to be permitted to bring such a suit as this on the pretense that a construction of the will is required." *Powell* v. *Demming*, 22 Hun, 235–238. The views here expressed necessarily lead to a dismissal of the complaint, with costs, to be paid by the plaintiff personally.