BROWER *v.* BAUCUS *et al.*

*(Supreme Court, General Term, Second Department.* May 11, 1891.)

</div>

INJUNCTION—MULTIPLICITY OF SUITS.

Where a suit is pending by a judgment creditor of an insolvent domestic corporation to set aside mortgages of its assets, and another suit is brought for the same purpose by the receiver of such corporation, an injunction will be granted upon the application of such receiver to stay the proceedings of the judgment creditor, in order to prevent a multiplicity of suits for the determination of the same matters; the receiver representing the interests of all creditors of the insolvent.

Appeal from special term, Westchester county.

Action by George V. Brower, receiver of the Ridgewood Ice Company, against Joseph D. Baucus and others. From an order continuing a temporary injunction defendants appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Edgar T. Brackett,* for appellants. *Joseph T. Marean,* for respondent.

BARNARD, P. J. The plaintiff is the receiver of the Ridgewood Ice Company, an insolvent domestic corporation. A receiver was appointed for this company in October, 1890. Joseph D. Baucus, an assignee of a judgment recovered against the company by the Citizens' National Bank of Saratoga, commenced an action in Saratoga county in aid of the judgment, and asking in his complaint that certain mortgages given by the ice company to Husted and to Downe be decreed void. The receiver was not a party to this action commenced by Baucus. In November, 1890, the receiver was made a party thereto. The action was at issue and noticed for trial for the Saratoga circuit held in January, 1891. In November, 1890, Alfred J. Voyer, an assignee of another judgment against the ice company, commenced a similar action to the Baucus action in Albany county. This action was at issue and noticed

for trial for the Albany circuit in January, 1891. Under this state of the facts the plaintiff, as successor of an original receiver, commenced an action to set aside the Downe mortgage and the Husted mortgage, and also a mortgage to the Brooklyn Trust Company to secure 150 bonds of $1,000 each. The complaint asked for an injunction against the plaintiffs in the two actions in the judgments, and also against the Brooklyn Trust Company. The insolvent ice company had its principal office in the city of Brooklyn. A temporary injunction was granted against Baucus, Voyer, and the Brooklyn Trust Company. Baucus and Voyer appeal from the order continuing the same. The order was right. The case is not one where the relief sought for by the receiver can be obtained by a defense in the individual actions of the judgment creditors. The receiver represents all the creditors, and the creditors' action is not based upon a refusal by the receiver to commence an action in their behalf. The result interests a large number of creditors, and all should be heard through the receiver, who acts for all. The individual action will not settle the question presented by the receiver. All the actions should not be tried. The receiver's action will fully settle everything, and it is within the power of a court of equity to compel all parties to litigate in one action. *Schuehle* v. *Reiman*, 86 N. Y. 270; *Travis* v. *Myers*, 67 N. Y. 542; *Babcock* v. *Arkenburgh*, 22 Wkly. Dig. 478; *Railway Co.* v. *Ramsey*, 45 N. Y. 637.

The order should be affirmed, with costs.