APPEAL—EVIDENCE—SUFFICIENCY.
 Where defendant permitted plaintiff to testify that he had been damaged in a certain sum by defendant's breach of contract, it was sufficient to sustain a judgment for plaintiff, though the testimony would not have appeared in the case, had it been objected to.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Barnet Mason and others against Louis Blumstein and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

H. M. Schaap, for appellants.
H. Kuntz, for respondents.

TRUAX, P. J. With the consent of the defendants, plaintiffs were allowed to state on the trial that they had been damaged $32.50 by the failure of the defendants to perform their contract. If this evidence had been objected to in time, or if defendants had moved to strike it out, it probably would not appear in the case. Appearing in the case, it is sufficient to sustain the judgment.

Judgment affirmed, with costs.

DUGRO, J., concurs. SCOTT, J., not voting.

---

(48 App. Div. 613.)

LUDWIG v. BUNGART.

(Supreme Court, Appellate Division, Second Department. March 13, 1900.)

1. COURTS—CONCURRENT JURISDICTION.
 It was error for the special term to dismiss plaintiff's complaint, seeking the construction of a will, on the ground that the surrogate had jurisdiction, when the jurisdiction of the surrogate had not been invoked.

2. STATUTE OF FRAUDS—CONTRACT TO CONVEY LAND.
 Where defendant's testatrix made an oral agreement with plaintiff that, if she would stay with testatrix in her store every evening, and would collect the rents and pay the taxes on certain of her properties, she would convey or devise certain real estate to plaintiff, the agreement was void, as within the statute of frauds.

3. SAME—PERFORMANCE.
 The services being of such character that their value can be ascertained, performance by the plaintiff is insufficient to take it out of the statute.

Appeal from special term, Kings county.

Bill by Margaret Ludwig against Peter J. Bungart, individually and as executor of Christiana Bungart, deceased. From a judgment dismissing the complaint (56 N: Y. Supp. 51), plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Jesse Johnson (James P. Judge, on the brief), for appellant.
James Troy, for respondent.

WILLARD BARTLETT, J. The plaintiff is a legatee under the will of the defendant's testatrix. In the first cause of action set out in the complaint, she seeks a judicial construction of that portion of the will whereby the testatrix bequeathed to the plaintiff all her "household furniture and store, with the contents of house known as 29 Hamilton avenue, borough of Brooklyn, city of New York." The learned judge at special term held that, inasmuch as the surrogate of the county of Kings has complete power and jurisdiction to administer such relief in the premises as the plaintiff may be entitled to, if any, by reason of the matters and things set forth in the first alleged cause of action, the court, in the exercise of its discretion, should decline to entertain said action in this respect. The substance of the second cause of action may be stated as follows: Prior to 1890, Mrs. Christiana Bungart, the defendant's testatrix, was the owner of the premises No. 29 Hamilton avenue, Brooklyn, on which there stood a dwelling house with a store on the ground floor. Mrs. Bungart resided there with her son, and conducted a retail cigar and fishing tackle business from 1890 to April 5, 1898, the date of her death. The son died on March 5, 1890, leaving Mrs. Bungart, who was a woman of advanced age, alone in the business. Mrs. Bungart also owned Nos. 67 and 69 Woodhull street. The plaintiff was well acquainted with her, and had performed many services for her prior to the death of her son. Immediately after his death, Mrs. Bungart agreed with the plaintiff that if she would collect the rents of the Woodhull street premises, have her own son make such repairs as he could to those premises, perform such work around the house No. 29 Hamilton avenue as might be requested, attend to the payment of the taxes on both properties, and if in addition "she would go to the store and residence of the said Christiana Bungart every evening, and stay with her until it was time to close the place, and attend to the business, as the said Christiana Bungart was afraid to be alone in the evening in the store after her son died, * * * she, the said Christiana Bungart, would devise by her will, or otherwise transfer to the plaintiff, the house and premises No. 29 Hamilton avenue, hereinbefore described, together with the contents of the store, including the safe and contents and household furniture, and that all should be the property and home of the plaintiff after the death of the said Christiana Bungart." The plaintiff performed the agreement on her part, but has received nothing for so doing, inasmuch as Mrs. Bungart failed

to devise the Hamilton avenue premises, or otherwise transfer the same to the plaintiff. It was admitted upon the trial that the agreement above set forth was oral, and the learned judge at special term held that it was void under the statute of frauds. He therefore directed a dismissal of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

So far as the first alleged cause of action is concerned, we do not think the dismissal can be sustained. While it has many times been held that the supreme court may properly decline to take cognizance of a matter over which the surrogate's court has concurrent jurisdiction, such refusal does not seem to be authorized, unless the jurisdiction of the surrogate's court has already been invoked. The rule is that, where both tribunals have equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action was first sought. Schuehle v. Reiman, 86 N. Y. 270; Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599. Here there is no proceeding now pending in the surrogate's court wherein the plaintiff can obtain a construction of the clause of Mrs. Bungart's will set out in the first alleged cause of action; and the fact that some future proceeding may be instituted before the surrogate, in which the will could be construed, is not a sufficient reason for postponing judicial action on the subject until then, and declining to exercise the equitable jurisdiction of the supreme court. No case is cited to us in which the supreme court, having power to construe a will, has declined to do so upon the ground that it might also be construed in the surrogate's court, unless at the time of the institution of the equity suit there was already pending before the surrogate a proceeding in which the construction of the will might just as well be obtained.

The complaint was properly dismissed as to the second alleged cause of action. The gist of that cause of action is the breach of an oral contract for the conveyance or devise of real property. Such an agreement is void under the statute of frauds, unless there has been such performance on the part of the plaintiff as to take it out of the operation of that statute. Where the oral agreement is to convey the land upon the payment of a specified sum of money, such payment alone is not deemed a sufficient part performance, inasmuch as a recovery of the consideration in an action at law would fully indemnify the party by whom the purchase price was paid. Miller v. Ball, 64 N. Y. 286. Where, however, the entire consideration has been paid, and the purchaser has taken possession by consent of the vendor, has made improvements upon the land, paid the taxes, and incurred expenditures which cannot easily be made good to him in an action at law, he will be entitled to enforce the contract in equity. Winchell v. Winchell, 100 N. Y. 159, 163, 2 N. E. 897. So, where the consideration for the promised conveyance consists of services to be rendered, and the services are rendered, but the land is not conveyed, equity will not compel a conveyance unless the character of the services is so peculiar that it is impossible to estimate their value by a pecuniary standard, as in the case of an agreement to care for an epileptic. Rhodes v. Rhodes, 3 Sandf.

Ch. 279. If the money value of the services can readily be ascertained, the remedy of the vendee is an action to recover their fair and reasonable value. Matthews v. Matthews, 133 N. Y. 679, 31 N. E. 519; Shakespeare v. Markham, 10 Hun, 311, 325, affirmed in 72 N. Y. 400. In the case at bar there can be no great difficulty in proving the value of the services which the plaintiff claims to have performed for Mrs. Bungart. They were not of such a special or unusual character as those contemplated by the parties in the Rhodes Case, above cited, and they do not bring the contract within the rule laid down in that decision.

Our conclusion is that the case was rightly disposed of so far as the second cause of action was concerned, but that the court should have entertained jurisdiction of the first cause of action. Under these circumstances, the proper course seems to be to reverse the judgment as rendered. National Board of Marine Underwriters v. National Bank, 146 N. Y. 64, 67, 40 N. E. 500. It may be assumed that upon the new trial the court at special term will make the same disposition of the second cause of action as was made upon the trial already had, and the only matter upon which further adjudication is required will be the construction of that clause of the will which is set out in the first cause of action.

Judgment reversed, and new trial granted, costs to abide the final award of costs. All concur.