STEINWAY et al., Respondents, v. VON BERNUTH et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 15, 1901.) Action by Ottilie Marie Steinway and others against Louis Von Bernuth, as executor of George A. Steinway, deceased, and others. From a judgment overruling demurrers to the complaint, defendants appeal. Reversed. George W. Cotterill and John Delahunty, for appellants. R. Burnham Moffat, for respondents.

PER CURIAM. Interlocutory judgment affirmed, on the authority of Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, with costs.

JENKS, J. (dissenting). The several defendants appeal from an interlocutory judgment overruling their demurrers to the complaint. Their sixth ground of demurrer, that the complaint does not state facts sufficient to constitute a cause of action, raises the question whether the supreme court will take jurisdiction. The action is for an accounting by an executor and for certain further relief. Although the supreme court has jurisdiction in the premises concurrent with the surrogate's court (Haddow v. Lundy, 59 N. Y. 320; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263), yet in its discretion it will refuse to exercise such jurisdiction unless the powers of the surrogate's court be inadequate, or some reason appear why complete justice cannot be meted out in that court (Sanders v. Soutter, supra; Douglas v. Yost, 64 Hun, 155, 18 N. Y. Supp. 830; Matthews v. Studley, 17 App. Div. 302, 312,

45 N. Y. Supp. 201; Blake v. Barnes [Sup.] 18 N. Y. Supp. 471). In Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177, the court, per Gray, J., say: "The first observation we make is with respect to the bringing of this action in the supreme court. There was no reason for resorting to another forum than that established by the statute for the final settlement of an executor's accounts. No objection appears to have been taken on the record. If it had been made, a grave jurisdictional question would have been presented. We do not wish to be understood, however, as assenting to this procedure. These proceedings belong, by law, to surrogates' courts, which were constituted to take jurisdiction of them, and the powers of which are appropriate and adequate for the purpose." See, too, Arkenburgh v. Wiggins, 13 App. Div. 96, 98, 43 N. Y. Supp. 294. So far as the decision in Fatman v. Fatman (Com. Pl.) 18 N. Y. Supp. 847 (appeal dismissed, 133 N. Y. 674, 31 N. E. 624), is concerned, that involved the question of realty, while it does not appear in this case that any realty is concerned, but, on the contrary, the allegation is that the claims which are specific as to the stock and the proceeds of the life insurance would virtually wipe out the entire estate. And the burden is upon the plaintiffs to show reason why this court should take jurisdiction. The question, then, is whether any facts are alleged which warrant the supreme court in taking the jurisdiction to the exclusion of the court of the surrogate. The infant children of George Steinway, deceased, are plaintiffs. The defendants are Von Bernuth as executor and trustee of George Steinway, deceased, the same Von Bernuth and others as executors of William Steinway, deceased, and the residuary legatees of George Steinway, deceased, if the plaintiffs all die before their majorities and without issue. The complaint may be summarized as follows: In 1896 William Steinway died, leaving a will under which Von Bernuth and others qualified as executors. In 1898 George Steinway, son of William Steinway, died, leaving a will under which the said Von Bernuth alone qualified as an executor. Eighteen months have passed since the death of George Steinway, and yet Von Bernuth, as his executor, has taken no step towards an accounting. Until May, 1890, Von Bernuth, obedient to the will, applied a part of the income of the estate to the maintenance of the infant plaintiffs. On May 1, 1890, he refused, and has ever since been steadfast in refusing, to make such application. The alleged ground of his refusal is that in April, 1900, the executors of William Steinway (Von Bernuth being one of them) made a claim against him as executor of George Steinway which involved substantially the whole estate, and that it would be unsafe for him to make any further application to the support of the infants while that claim was pending and undetermined. The claim is that a large amount of stock of which George Steinway died possessed was but an uncompleted gift from William Steinway to George Steinway, and is therefore an asset of the estate of William Steinway, and also that certain insurance upon George Steinway's life, which was collected for the estate of George Steinway, together with the premiums paid thereon, is due the said estate of William Steinway. Von Bernuth's wife is a residuary legatee under the will of William Steinway. It is charged that the interest of Von Bernuth is antagonistic to the interests of the plaintiffs, that the claim is a fraud hatched in a conspiracy to strip the estate of George Steinway, that there is danger of a delay in the determination thereof, and that meantime these infants lack support. By this action the plaintiffs pray for a determination that this claim is invalid, for an accounting by Von Bernuth, and for such other equitable relief as may be then due. The learned counsel for the appellants concedes that, if the plaintiffs but complained of an omission to account, the supreme court might refuse to take jurisdiction, for the reason that the remedy in the court of the surrogate was adequate. He also concedes that if the complaint went further, only to stop with the allegations that the infants depend upon the income of the estate and that the defendant refuses to apply it, possibly this court might refuse to entertain this action for the same reason; but he insists that there are special circumstances which warrant this court in taking jurisdiction, and he points out the double relation of Von Bernuth, as the executor of George Steinway's estate and as an executor of William Steinway's estate, who is also the husband of one of the residuary legatees under the will of William Steinway. This relationship it is claimed is peculiar enough to warrant this court to take jurisdiction, so as to entertain the action, that the infant children may be present to protect their rights. But the infant children by any person can cite the executor to account in the court of the surrogate, and the remedy therein is direct and drastic. Sections 2727, 2728, Code Civ. Proc.; Redf. Prac. Sur. Cts. (3d Ed.) 773, 774 et seq., 786, and authorities cited. There the infants may appear by their general guardian. In re Kennelly, 3 Dem. Sur. 219. The surrogate's court has ample power to scrutinize Von Bernuth's dealings with the estate of George Steinway, and the infants have a full opportunity to be heard on the accounting. The executor has no opportunity to smuggle through this claim. Section 2719 of the Code provides that the executor shall not satisfy his own debt or claim out of the property of the deceased until proved to and allowed by the surrogate, and it shall not have preference over others of the same class; and it has been held that "his own debt or claim" includes a claim as an administrator or an executor. Neilley v. Neilley, 89 N. Y. 352. The learned counsel for the appellants also insists that special circumstances are shown "which make this court the only forum where the plaintiffs can obtain relief," because the surrogate's court has no jurisdiction to hear and to determine this claim. But there is jurisdiction expressly conferred. In Neilley v. Neilley, supra, it was held that, under 2 Rev. St. p. 88, § 33, the surrogate's court had jurisdiction to settle the claim of the administratrix of one estate against herself as administratrix of another estate, under the rule of Shakespeare v. Markham, 72 N. Y. 400, and other authori-

ties cited. In Re Randall, 152 N. Y. 508, 515, 56 N. E. 945, Shakespeare v. Markham was discussed and it was said that the said section of the Revised Statutes was substantially reproduced in section 2739 of the Code, which, although repealed in 1893, was re-enacted in section 2731. And in Re Walker, 136 N. Y. 20, 27, 32 N. E. 633, 634, the court say: "The entire scheme of the statute creating and defining the powers of that officer [the surrogate] has carefully excluded from him the cognizance of disputed claims against the estate of deceased persons, unless it is a debt due to an executor or administrator, or one provable in proceedings for the sale of real estate." Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, was not cited to us, but the majority of the court are of opinion that it is conclusive authority in this case. All that I need notice in Ludwig v. Bungart is the first cause of action, which sought a judicial construction of the will, and which was dismissed at special term on the ground that the court should decline to exercise its jurisdiction, inasmuch as the surrogate had jurisdiction. This court said: "No case is cited to us in which the supreme court, having power to construe a will, has declined to do so on the ground that it might also be construed in the surrogate's court, unless at the time of the institution of the equity suit there was already pending before the surrogate a proceeding in which the construction of the will might just as well be obtained." It is true that in the course of the opinion the learned court said: "The rule is that, where both tribunals have equal jurisdiction, the cause should be retained and disposed of in the forum where judicial action was first sought. Schuehle v. Reiman, 86 N. Y. 270; Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599." In Schuehle v. Reiman, supra, the court say: "It would seem, also, that, if both tribunals whose interference has been invoked have equal or concurrent jurisdiction, it should continue to be exercised by that one whose process was first issued." To sustain the rule, there are three cases cited. In the first (Rogers v. King, 8 Paige, 209) the chancellor said: "If the same party who files a bill in this court against such executor or administrator subsequently cites him to account before the surrogate, the pendency of the suit here for the same object ought to be allowed by the surrogate as a valid objection to the proceeding there, in the nature of a plea in abatement." In the second case cited (Groshon v. Lyon, 16 Barb. 461), the trustee had petitioned for leave to account, for his discharge, and for the appointment of a substitute, and a reference had been ordered. It was held that the action barred an action by the cestuis que trustent to remove the trustee and to compel an account, for the reason that the first action afforded full relief. In the third case cited (Travis v. Myers, 67 N. Y. 542), different actions had been brought by creditors in behalf of themselves and other creditors against an assignee for an accounting, and the court was held empowered, under the statute and the practice, to compel all creditors to prove their claims in the first action brought. In the second authority cited in Ludwig v. Bungart (Gar-

lock v. Vandevort, supra), the special term dismissed the complaint in an action to construe a will on the ground that there was pending in the surrogate's court a proceeding wherein the surrogate could construe the will as challenged, and the decision sustained the court, holding that the jurisdiction of the surrogate's court in the premises was equal to and concurrent with that of the supreme court, and, as it had first obtained jurisdiction, it should retain it, citing Schuehle v. Reiman, supra. But, as I have stated, the case at bar is for an accounting, and the relief asked incidental thereto is especially committed to the jurisdiction of the surrogate. The propriety of an exercise of jurisdiction by the supreme court was forthwith challenged by a demurrer, and, in the absence of any special reason shown why this court should exercise jurisdiction, I think that it should decline to entertain it. I think that the rule applicable to this case is enunciated in Sanders v. Soutter, 126 N. Y. 200, 27 N. E. 265: "A court of equity possesses jurisdiction, concurrent with the surrogate's court, to entertain an action or proceeding for an accounting by executors. Haddow v. Lundy, 59 N. Y. 320. It seems to be the rule that the supreme court, in the exercise of its discretion, will decline to take jurisdiction of an action for an accounting by the representatives of the estate of a deceased person, unless special facts and circumstances are alleged showing that the case is one requiring relief of such a nature that the surrogate's court is not competent to grant it, or some reason assigned or facts stated to show that complete justice cannot be done in that court. Wager v. Wager, 89 N. Y. 161; Chipman v. Montgomery, 63 N. Y. 221; Anderson v. Anderson, 112 N. Y. 115, 19 N. E. 427; Haddow v. Lundy, supra. But when a court of equity obtains jurisdiction of the matter for some special purpose, as to set aside a fraudulent deed or settlement made between the executors and parties interested in the estate, or to grant some other special relief not within the power of the probate court, it may, and very frequently does, retain the case for all purposes, and decree a complete administration settlement and distribution of the entire estate. 1 Pom. Eq. Jur. §§ 234, 235; 1 Story, Eq. Jur. (13th Ed.) c. 7, §§ 423, 424; Fisher v. Hubbell, 1 Thomp. & C. 97." The same learned judge who wrote in Garlock v. Vandevort, supra, wrote for the court in Hard v. Ashley, supra, and his intimation, as quoted in the first part of this opinion, is too plain to be disregarded by me. The surrogate's court adequately can deal with the failure to account, with the omission to pay over the income, and with the claim of the executors of William Steinway against the executor of George Steinway. No reasons appear why the supreme court should take jurisdiction, and I think that the parties should be relegated to the court of the surrogate. The interlocutory judgment should be reversed, and the demurrer sustained, but without costs of this appeal to either party.

