NATALIE HABER, on Behalf of Herself and Other Holders of Bonds, etc., Plaintiff, *v.* CHASE NATIONAL BANK OF NEW YORK, as Trustee, Defendant.

Supreme Court, New York County, October 30, 1934.

*Enos S. Booth* [*Harris Jay Griston* of counsel], for the plaintiff, for the motion.

*Mudge, Stern, Williams & Tucker* [*Joseph V. Kline, George L. Trumbull* and *John Wallis* of counsel], for the defendant in support of defendant's motion for a dismissal of the complaint and summary judgment in favor of defendant, or in the alternative for a consolidation of actions.

*Rabenold & Scribner* [*Mark Hyman* and *Louis J. Bernstein* of counsel], for the Buckingham committee as *amici curiæ.*

*Frueauff, Robinson & Sloan* [*Bernard M. Shanley, 2d*, of counsel], for Schlosser committee as *amici curiæ.*

FRANKENTHALER, J. Plaintiff, owner of a $100 bond, one of a series amounting to $8,000,000, secured by a mortgage or deed of trust to the defendant Chase National Bank as trustee, sues for an accounting by the trustee of moneys collected by it under an assignment by the mortgagor of the income from the property.

The amended answer sets up various defenses, and each of the parties has moved for summary judgment.

In my opinion defendant's motion for summary judgment should not be granted; for the reasons hereinafter stated it seems to me that plaintiff's motion should also, in the exercise of the court's discretion, be denied.

Prior to the beginning of this action suit was brought by the trustee in the Supreme Court, Kings county, to foreclose the mortgage. In that action committees representing the plaintiff and other bondholders to the extent of over $3,000,000 of the bonded indebtedness have intervened and presented proposals for reorganization; and Justice LOCKWOOD, before whom that litigation is pending, has written an opinion (N. Y. L. J. Oct. 8, 1934) which contains a statement of the pertinent facts and an analysis of the plan of reorganization proposed by the so-called Schlosser committee. Referring to the present action for an accounting, Justice LOCKWOOD says that in the Kings county action there has been in part and will be in full a complete accounting embracing the relief sought in this action, that any accounting in this action would be an unnecessary duplication of a part of the work already done and to be done in the Brooklyn action, would adversely affect the interests of the bondholders and might endanger, if not destroy, all the reorganization work heretofore done.

The facts seem to bring the case within the spirit of the rule that where the object of two legal proceedings is the same, convenience as well as a proper regard for the rights of debtor and creditor require if possible that the funds in which both are interested should be subjected to diminution by one litigation only, and the parties thus spared the unnecessary labor and expense of conducting two controversies over the same matter, and that if both tribunals whose interference has been invoked have equal or concurrent jurisdiction it should continue to be exercised by that one whose process was first issued. (*Schuehle* v. *Reiman*, 86 N. Y. 270, 273.) (See, also, Real Prop. Law, § 121, added by Laws of 1933, chap. 729.)

In the circumstances I think the alternative motion of the defendant for a consolidation of this action with the foreclosure action should be granted. (*Warren Foundry & Pipe Corp.* v. *Board of Water Commissioners*, 146 Misc. 323; affd., 237 App. Div. 844; *Chemello* v. *Endlich*, 206 id. 757; affd., 236 N. Y. 653.)

Motions for summary judgment denied, and motion for consolidation granted. Settle order.