In the Matter of the Estate of IDA HARRITON, Deceased.

Surrogate's Court, Erie County, March 8, 1940.

*Halpern & Freedman,* for Barneth Satuloff, as executor, etc., of Harry Harriton, deceased, and as administrator *de bonis non* of Ida Harriton, deceased, petitioner.

*Edward L. Keenan,* for Sylvia Bartzoff.

*John F. Connelly,* for the Adam, Meldrum and Anderson State Bank.

VANDERMEULEN, S.   In 1924 Ida Harriton, wife of Harry Harriton, established a "Totten trust" in the Adam, Meldrum and Anderson State Bank, entitled "Ida Harriton, Trustee for Sylvia Bartzoff." On March 18, 1938, Ida Harriton died intestate in the city of Buffalo.

Harry Harriton, surviving husband, was granted letters of administration upon the estate of his deceased wife and claimed the balance of the aforementioned account as an asset of the estate of Ida Harriton, deceased.   Before the estate was settled, however, Harry Harriton died, leaving a last will and testament which was duly probated.   Barneth Satuloff was named executor and duly qualified.   He was also appointed administrator *de bonis non* of the estate of Ida Harriton, deceased.

On January 25, 1940, Sylvia Bartzoff commenced an action in Supreme Court against the Adam, Meldrum and Anderson State Bank, Buffalo, N. Y., for the purpose of obtaining the funds on deposit in the trust account hereinbefore described.   The service of a summons and complaint was made on January 25, 1940.   On or about February 15, 1940, the defendant procured an order of interpleader, as provided by section 104 of the Banking Law, amending the proceedings in that action to make Barneth Satuloff in both his fiduciary capacities a party defendant therein.   Copies of this order were served upon the attorneys for Sylvia Bartzoff and Bar-

neth Satuloff on the same day. Pursuant to the order, the plaintiff, Sylvia Bartzoff, served a copy of the supplemental summons and amended complaint upon Philip Halpern, attorney for Barneth Satuloff, on February 26, 1940.

On January 26, 1940, the defendant, Barneth Satuloff, commenced a discovery proceeding in the Surrogate's Court of Erie county by the service of a certified copy of an order upon the Adam, Mel drum and Anderson State Bank, which order required the cashier of said bank to attend an inquiry respecting said bank account to be held at the surrogate's office in the city of Buffalo on the 20th day of February, 1940. A certified copy of the order was thereafter served on Sylvia Bartzoff, the plaintiff, in New York city. Upon the day of the hearing, February 23, 1940, the attorney for Sylvia Bartzoff appeared specially and objected to the jurisdiction of the Surrogate's Court on the ground that a prior action had been instituted and is now pending in the Supreme Court for a determination of the same question which the surrogate is now asked to determine in this proceeding.

It was said in *Matter of Clark* (166 Misc. 909, 915): " An indispensable condition precedent to a valid adjudication of any variety is jurisdiction. This may of course be obtained either by service of process or by voluntary appearance."

The Court of Appeals in *Mishkind-Feinberg Realty Company* v. *Sidorsky* (189 N. Y. 402, 406) said: " An action is commenced by the service of a summons (Code Civ. Proc. § 416), and by it a defendant is notified that his rights are challenged. Service of the summons, that is, notice of the commencement of the action and an opportunity by a defendant to appear and defend his rights and interests, are the important prerequisites to jurisdiction by a court. * * * Unimportant and unessential variations from the form of notice prescribed not affecting the substantial rights of the defendant are irregularities which may be cured by amendment pursuant to the general authority of the court to amend a process, pleading or other proceeding in furtherance of justice. * * * The summons is always of prime importance. It is the effective paper upon which jurisdiction is founded."

Paragraph (a) of subdivision 6 of section 134 of the Banking Law of the State of New York provides: " In all actions against any bank or trust company to recover for moneys on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending, may, on the petition of such bank or trust company, and upon eight days' notice to the plaintiff and such claimants, and without proof as to the merits

of the claim, make an order amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds. The remedy provided in this section shall be in addition to and not exclusive of that provided in section two hundred eighty-seven of the Civil Practice Act."

Barneth Satuloff, as executor of the last will and testament of Harry Harriton and as administrator *de bonis non* of the estate of Ida Harriton, deceased, was made a party to the action in the Supreme Court upon the granting of the order. The intent of paragraph (a) of subdivision 6 of section 134 is to have a complete determination of the rights of all parties or claimants in the particular action in which the order is granted. The Supreme Court obtained jurisdiction in the first instance and by the granting of the order pursuant to section 134 is now in a position to fully determine this matter and give full relief and justice.

In *Matter of Andrews* (172 Misc. 373) Surrogate FOLEY stated: " It is clearly evident that full relief and justice can be obtained in the first proceeding instituted by the petitioner in the Supreme Court. In such circumstances, under our system of jurisprudence, a second proceeding between the same parties which seeks the same relief is not maintainable. With respect to the law on this subject, the Court of Appeals stated in *Colson* v. *Pelgram* (259 N. Y. 370, at p. 375):

" ' The reason for the rule is obvious. It is conducive to economy, and lack of friction between courts, saves labor and annoyance and leads to the orderly administration of justice. There should be one action only to settle the rights of the parties, when all rights can be properly determined in a single action. (*Erie R. Co.* v. *Ramsey,* 45 N. Y. 637; *Savage* v. *Allen,* 54 id. 458; *Pond* v. *Harwood,* 139 id. 111.)

" ' It is also the general rule that where separate actions have been instituted between the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it. (*Schuehle* v. *Reiman,* 86 N. Y. 270; *Garlock* v. *Vandevort,* 128 id. 374.) '

" The only result of the discovery proceeding in this court would be to furnish and discover evidence which the petitioner could use in the Supreme Court proceeding. In *Matter of Preisendorfer* (118 Misc. 524) I held that such a course would not be permitted. That decision was cited with approval in *Matter of Rotstein* (162 Misc. 37). In the latter case Mr. Surrogate WINGATE held that

the potential jurisdiction of the surrogate was ousted by the institution of an action in another forum ' in consequence of the operation of the primary principle that where the jurisdiction of one of two co-ordinate and available tribunals has been invoked the other may not thereafter act in the premises.' "

The proceeding is dismissed.