HAZEL R. WOOD, as Administratrix C. T. A. of GEORGE F. CLOSE, Deceased, Respondent, *v.* CHENANGO COUNTY NATIONAL BANK AND TRUST COMPANY OF NORWICH, as Executor of ADDIE E. CLOSE, Deceased, Appellant.

Third Department, July 2, 1953.

*David F. Lee* for appellant.

*Henry Temes* for respondent.

IMRIE, J.   On December 16, 1951, plaintiff, as administratrix *c. t. a.* of George F. Close, deceased, filed and served on defendant,̃ as executor of the will of Addie E. Close, deceased, a claim against the latter estate, alleging defendant executor to have in its possession property which it claimed to be a part of the estate of its testatrix but which was in fact a portion of her husband's estate, improperly appropriated by her during her lifetime.   George F. Close had predeceased his wife Addie by some twenty-nine years.   She was named and acted as executrix of his will, by which she was given the life use of all his estate with the right to use and expend so much of the principal as in her discretion might be necessary or proper for her comfort. After her death the remainder was to pass to plaintiff and other designated remaindermen.   The claim was rejected by defendant executor.   In March, 1952, plaintiff began this action, within the time limitation of section 211 of the Surrogate's Court Act.

Previously, on August 2, 1951, plaintiff, in her representative capacity, had filed in the Surrogate's Court of Chenango County, a petition to compel defendant, as such representative of Addie E. Close, to render an account of the latter's acts and proceed-

ings as executrix of her husband's will, the petition asserting that she had taken into her possession and commingled with her own property that which had been her husband's. In its answer to that petition this defendant denied possession of any property of the estate of George F. Close, asserting that such assets as came to the hands of Addie E. Close, as executrix, became her property by reason of the terms of his will. A decision of the Surrogate, dated December 6, 1951, found defendant executor's answer and account sufficient. On May 6, 1952 (resettling one dated April 9, 1952) an order and decree of that court was made in conformity with the decision. Petitioner, plaintiff here, appealed to this court therefrom, the appeal having been heard at the November, 1952, term. This court's decision (281 App. Div. 147) reversed the order and decree, remitting the' matter to the Surrogate's Court for an order directing defendant to account for all matters pertaining to any and all property in its possession as executor of Addie E. Close whereof George F. Close died seized and as to her acts and conduct with reference thereto or connected therewith.

While the appeal from the Surrogate's Court proceeding was pending, defendant moved in Supreme Court for a permanent stay of this action, contending that the issues should be retained in the Surrogate's Court which had first acquired jurisdiction and which could render complete relief to all interested parties. This appeal is taken by the defendant from the order of the Supreme Court( McAvoy, J.), denying the stay.

Reference has been made to the relief sought by plaintiff as petitioner in her original proceeding in Surrogate's Court. In substance her complaint in this action, by three counts, alleges defendant's failure and refusal to account and that Addie E. Close, as executrix, took over assets of her said husband, dealt with, traded and exchanged them as her own for the purpose of unjustly enriching herself, all with knowledge and intent and for the purpose of defrauding the remaindermen. Judgment is sought determining that defendant, as executor, holds property actually of the estate of George F. Close, which it be required to turn over to plaintiff and that it be required to account for property received by it, as executor of Addie E. Close, which in fact and equity is the property of George F. Close estate.

These conclusions are inescapable. We have here two judicial proceedings with similar issues, similar rights sought to be enforced and the same parties in interest, even though plaintiff is correct in her contention that her proceeding in the Surro-

gate's Court lies in the husband's estate whereas her claim upon which this action is predicated is against the estate of the wife. The jurisdiction of the two courts is concurrent. Each may grant all the relief required. None will question the jurisdiction of the Supreme Court, nor can the power of the Surrogate's Court be doubted in the light of its broad powers now given by section 40 of the Surrogate's Court Act. (*Matter of Raymond* v. *Davis,* 248 N. Y. 67.)

When one files a claim against an estate and it is rejected, section 211 provides two alternatives, an action on the claim in a court of record or submission of the claim to trial and determination upon the judicial settlement of the account of the representative. Ordinarily the beginning of the action will oust the Surrogate's Court of further jurisdiction of the claim.

But, as in this instance, compelling equities may defeat such ouster. This plaintiff sought relief in the Surrogate's Court some eight months before beginning this action for substantially identical relief. After the action was under way, by the successful prosecution of an appeal, she maintained her position in the court of her original selection with the added direction of this court as to the relief to be given her.

Reduced to its simplest terms the question before us has to do with two pending judicial proceedings in courts of concurrent and competent jurisdiction between the same parties involving the same issues, rights and relief sought.

Both equity and justice require that " Where the object of two legal proceedings is the same, convenience as well as a proper regard for the rights of debtor and creditor require if possible that the fund in which both are interested should be subjected to diminution by one litigation only, and the parties themselves spared the unnecessary labor and expense of conducting two controversies over the same matter. It would seem also that if both tribunals, whose interference has been invoked, have equal or concurrent jurisdiction, it should continue to be exercised by that one whose process was first issued." (*Schuehle* v. *Reiman,* 86 N. Y. 270, 273.) " There should be one action only to settle the rights of the parties, when all rights can be properly determined in a single action. * * * It is also the general rule that where separate actions have been instituted between the same parties in reference to the same subject-matter in courts having concurrent jurisdiction the court which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it. (*Schuehle* v. *Reiman,* 86 N. Y.

270; *Garlock* v. *Vandevort,* 128 N. Y. 374.) We know of no principle which requires a different rule where the litigation is commenced by petition rather than by a summons.'' (*Colson* v. *Pelgram,* 259 N. Y. 370, 375.)

The jurisdiction of the Surrogate's Court having first been invoked by this plaintiff, we conclude that the matter should be disposed of in that court. To secure that end it is proper that an order restraining proceedings in this action be had. (*Schuehle* v. *Reiman, supra,* p. 273; *Colson* v. *Pelgram, supra,* pp. 375, 376.)

The order so appealed from should be reversed and defendant's motion for a stay of this action granted, with $10 motion costs to defendant and against plaintiff.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order reversed, on the law and facts, and defendant's motion for a stay of this action granted, with $10 motion costs to defendant and against plaintiff.