and, by reason of the slight delay before the proponent was taken sick, no prejudice exists or should exist against him.

There is one phase of the evidence which, in my judgment, is material to the point in issue, namely, the introduction in evidence of the articles of copartnership between the deceased and the proponent, indicating that the same was to expire in January, 1904, and also the agreement executed in January, 1904, which by its terms confirmed such dissolution of partnership and adjusted the rights of the parties thereto. This evidence is confirmatory of the recitals in the codicils referring to the business relations between such parties. But in the various cases in which this doctrine of the presumption of undue influence is laid down there is no limitation of the rule by reason of the extent of the testamentary provsion. And we can well understand why the law recognizes no such distinction, as the complications and embarrassments which would arise if this were admitted are very numerous, and it is also apparent that such complications and embarrassments would be cast entirely in the path of the disinherited natural object of the bounty of the testator.

There is one fact that has not been successfully explained by the proponent, namely, that, if this will and codicils have no effect except to put the insurance moneys in the hands of the executor for the benefit of the wife and child of the deceased, then the only distinction between these papers being admitted to probate and the deceased dying intestate is that the executor will not have control over the expenditure of the money due to the widow, and that, in place of his control over the money to be expended for the child, there will exist the control of the surrogate. If this is all that the deceased intended to accomplish, the necessity for this involved will and its additional codicils and also the apparent intense desire on the part of the executor to have the instruments admitted to probate remains unexplained.

In view of these circumstances, therefore, and after giving careful consideration to the additional evidence offered by the proponent, it is apparent that the proponent has failed to make the proof required, and such will and codicils should be refused probate.

Probate refused.

---

(50 Misc. Rep. 227.)

### In re LLADO'S ESTATE.

(Surrogate's Court, Kings County. April, 1906.)

COURTS—CONCURRENT JURISDICTION—STAY OF PROCEEDINGS.

　　Where an action was commenced in the Supreme Court a few days before the filing of the petition of an executor for the settlement of his accounts, and such action required the examination of the accounting executor for the purpose of framing the complaint, and every question that could arise on the executor's accounting was covered in such action, the accounting will be stayed until its determination.

　　[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 1268.]

In the matter of the settlement of the estate of Francisco Llado. Motion to dismiss proceedings or stay the same until disposition of a case in New York county. Application granted.

Wingate & Cullen, for executor.

Edward J. McGuire, for Francisco and Adelaide Farrell.

CHURCH, S. A motion is made to dismiss the present proceeding, or else have the same stayed until the disposition of a case in New York county, which covers the same state of affairs. It is, of course, understood that the Supreme Court and the Surrogate's Court have equal jurisdiction in regard to many matters, and there is no statutory rule which provides that, in the event of one tribunal acquiring jurisdiction, such jurisdiction shall thereupon become exclusive; but, in view of the fact that if it were otherwise there would be a multiplicity of proceedings to accomplish the same results and that litigants might thereby be subjected to undue annoyance and additional labor be imposed upon the courts, the courts have confined the parties to the tribunal which first acquires jurisdiction of the proceeding. In this matter the rule is well stated in Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, as follows: "The rule is that where both tribunals have equal jurisdiction the case should be retained and disposed of in the forum where judicial action was first sought." This rule was applied in Matter of Hojer (Sup.) 95 N. Y. Supp. 1136, in which it was held that, where there were certain matters at issue in one court which could not be disposed of in the other, the second court was not ousted of jurisdiction by reason of the prior application to the first tribunal.

The sole question, therefore, in any case where this rule is invoked is to see if the court which has first taken up the consideration of the matter has everything before it which could be decided in the proceeding in any other court. In the case at bar it appears that, a few days before the filing of the petition for an accounting herein, a suit was started in the Supreme Court. The complaint was not served with the summons in that action, but, on the contrary, papers were filed which required the attendance and examination of the executor, who is accounting herein, so that the complaint could be framed. By turning to the affidavits stating the object of this suit, it plainly appears that the scope of the action in the Supreme Court would completely cover the examination and adjudication of every question which could be raised upon this accounting.

In deference, therefore, to the rule thus laid down by the Appellate Division of the Supreme Court, I will grant the application and direct that proceedings herein be stayed until the determination of the action in the Supreme Court.

Application granted, and proceedings stayed until determination of action in Supreme Court.