JOSEPH SHEA, Plaintiff, v. GEORGE P. BERGEN, as Executor of the Last Will and Testament of ANN SHEA, Deceased, and Others, Defendants.

(Supreme Court, Nassau Special Term, May, 1908.)

Wills — Probate, establishment and annulment — Actions to annul or to determine validity of will: Action to determine validity of will — Power of court over representative — Injunction; Time for commencing action — When will relates to personal estate only; Effect of waiver of citation on probate — Rights of infants and duties of guardian ad litem.

Section 2653a of the Code of Civil Procedure, which authorizes an action to determine the validity of the probate of a will, is to be construed with reference to the practice and procedure in Surrogates' Courts, especially with reference to the revocation of probate.

Where an action is brought in the Supreme Court, under section 2653a of the Code of Civil Procedure, to determine the validity of the probate of a will, that court, to protect its jurisdiction over the funds of the estate, may enjoin the executor from making distribution under a decree of the Surrogate's Court and may grant an injunction without requiring an undertaking.

Upon the granting of such an injunction, the jurisdiction of the Surrogate's Court is *pro tanto* suspended.

Though the will relates to personal property only, the time within which an action may be brought under section 2653a, as amended in 1907, is not limited to one year after probate.

The waiver of the issuance and service of citation upon probate of the will by the next of kin of the deceased who were of full age, including the mother of an infant party in interest, and their consent to the validity of a decree admitting the will to probate without further notice, was not a waiver of the right to institute proceedings for the revocation of the probate of the will or the institution of an action under section 2653a of the Code of Civil Procedure.

It was the duty of the guardian *ad litem,* in order to protect the interest of the infant, to interpose an answer joining in the prayer of the complaint in such action, and, if a motion to enjoin the distribution of the funds of the estate by the executor was authorized, it was also the duty of the guardian *ad litem* to make it for like reason, irrespective of what his motives may have been.

THE action in which this motion is made is brought under section 2653a of the Code of Civil Procedure to determine the invalidity of the probate of the will of Ann Shea, deceased. The motion is made by the guardian *ad litem* of Samuel J. Campbell, an infant defendant (who by answer joins in the prayer of the complaint), to stay the defendant George P. Bergen, as executor, from distributing or paying out any moneys of the estate to legatees pending the determination of the action.

James M. Seaman, for the motion.

Alfred T. Davison, opposed.

SCUDDER, J.  The estate of deceased consists entirely of personal property. Shortly after the commencement of this action the Surrogate's Court rendered a decree judicially settling the final accounts of the executor, and directing the distribution of the estate in accordance with the terms of the will. The executor does not deny that, if unrestrained, he will make an immediate distribution of the entire estate under the surrogate's decree.

Section 2653a was added to the Code of Civil Procedure by chapter 591 of the Laws of 1892. It is incorporated in chapter 18 of the Code, entitled "Surrogates' Courts and proceedings therein," and the subdivision of the chapter in which it is found is article 2 of title 3, entitled "Revocation of probate." It follows that this section is to be construed with reference to the practice and procedure in the Surrogate's Court, especially that with reference to the revocation of probate.

After the commencement of an action under Code of Civil Procedure, § 2653a, the Supreme Court, to protect its juris-

diction over the fund, may enjoin the executor from making distribution thereof. Hawke v. Hawke, 74 Hun, 370; Matter of Hughes, 41 Misc. Rep. 75. The exercise of such control over the executor is incidental to the court's jurisdiction over a probate matter conferred upon it by special statute. Such injunction may be granted without requiring an undertaking. The power the Supreme Court exercises in such a case is analogous to that of a Surrogate's Court. See Code Civ. Pro., § 2481, subd. 4; § 2650. Upon the granting of such injunction the jurisdiction of the Surrogate's Court is *pro tanto* suspended, since two courts cannot exercise co-ordinate jurisdiction over the same subject-matter at the same time.

It is claimed in opposition to the motion that, since the will relates to personal property only, the time within which the action could be brought was limited to one year after the will was admitted to probate. In support of this position the following cases are cited: Long v. Rogers, 79 Hun, 161; Katz v. Schnaier, 87 id. 346; Sloane v. Hamilton, 90 id. 162. The subsequent amendment of section 2626 of the Code by Laws of 1897, chapter 508, and of section 2653a by Laws of 1907, chapter 701, would seem to make these cases no longer applicable.

In Matter of Wohlgemuth, 110 App. Div. 644; affd., 184 N. Y. 578, without opinion, the court, after quoting the above and other relevant sections of the Code, says, at pages 648, 649: " It follows that the decree admitting a will to probate, so far as it relates to personal property, is final and conclusive until reversed upon appeal or revoked by the surrogate; that a person interested in the estate may proceed within a year by petition for revocation whereupon a trial *de novo* may be had (Code Civ. Pro., § 2651) or may move on like conditions as in a court of record ' to open, vacate, modify or set aside ' the decree, or may, within two years bring an action in the Supreme Court to determine the validity of the will. Unless tested in some one of these ways, however, it is ' conclusive as an adjudication upon all the questions determined by the surrogate pursuant to this article.' "

It is further alleged in opposition to the motion that upon the probate of the will all of the next of kin of deceased being of full age, including the mother of the infant Campbell, duly waived the issue and service of citation and consented to the entry of a decree admitting the will to probate without further notice to them. Such waiver does not in terms or by implication waive the right to institute proceedings for the revocation of the probate of the will, or the institution of an action under section 2653a. Evidence which would support a contest of the will may not have been discovered until after the probate. The facts and circumstances which attended the execution of these waivers and the effect which is to be given them can be best determined on the trial.

It is unnecessary to recite the facts set up in opposition to the motion upon which the defendant executor charges collusion between the guardian *ad litem* and the plaintiff's attorney to harass the estate. It was the duty of the guardian *ad litem,* in order to protect the interests of the infant, to interpose an answer joining in the prayer of the complaint, and, if the present motion is authorized by the practice and procedure of the court, it was the duty of the guardian *ad litem* to make it for like reason. It matters not what the motive of the guardian *ad litem* may have been in so acting, if the acts themselves were lawful and proper.

Motion granted. No costs.