(64 Misc. Rep. 286.)

AUBUCHON v. MURPHY et al.

(Supreme Court, Special Term, Erie County. May, 1909.)

1. COURTS (§ 475*)—JURISDICTION—ACQUISITION—TIME—EFFECT.

Where a surrogate admitted a will to probate and revoked letters of administration, and an action is subsequently brought in the Supreme Court, under Code Civ. Proc. § 2653a, to set aside the probate, a presumption that the surrogate acted correctly will prevail until there is a verdict of a jury to the contrary, under the rule that, where two tribunals have equal jurisdiction, a cause should be retained and disposed of in the forum where judicial action was first brought.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1229–1259; Dec. Dig. § 475.*]

2. EXECUTORS AND ADMINISTRATORS (§ 32*)—LETTERS—REVOCATION—RIGHTS OF EXECUTOR.

Under Code Civ. Proc. § 2583, declaring that an appeal from a surrogate's decree revoking letters of administration shall not stay the execution of the decree or order appealed from, where letters of administration were revoked and letters testamentary granted on the probate of a subsequently discovered will, the fact that suit was instituted in the Supreme Court to set aside the probate of the will was no ground for preventing the executor from taking possession of the estate on the giving of a sufficient bond, though the contestant was entitled to restrain the executor from making final distribution.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 32.*]

Action by Georgiana Aubuchon against Daniel P. Murphy, individually and as executor of Roch Labbee, and others. On plaintiff's motion to continue an injunction, which defendants moved to vacate. Injunction vacated on terms.

Frank A. Abbott, for plaintiff.
· Simon Fleischmann and Charles A. White, for defendants.'

WHEELER, J. This action is brought, under the provisions of section 2653a of the Code of Civil Procedure, to set aside the probate of the will of Roch Labbee, admitted to probate by the decree of the Surrogate's Court of Erie county. It appears by the affidavits read on this motion that the testator was at first supposed to have died intestate, and proceedings were taken by the Surrogate's Court which resulted in the appointment of Joseph A. Labbee and Mary A. Dooley as administrators of his estate. Subsequently a will was produced and filed, purporting to be the last will and testament of the testator. Proceedings were thereupon had in that court, in which the parties to this action were cited and appeared, and the will in question was admitted to probate, and the letters issued to the administrators revoked. An appeal from the decree so made has been taken to the Appellate Division of this court, and is now pending undetermined.

This action was then brought under the provisions of section 2653a of the Code, and plaintiff asks this court to enjoin the administrators from turning over to the executor named in the will the property left by the testator until after the trial and determination of this action. It is alleged, in substance, that the will is a forgery, and not the last will and testament of Roch Labbee, and it is sought to prevent the executor from performing his duties as such under the will, or being placed in the management and control of the testator's estate. We are of the opinion that the injunction heretofore granted should be materially modified. We base our decision on the broad ground that the decrees and proceedings of the Surrogate's Court should be respected by this court, and that the Supreme Court should interfere only in very extreme cases, if at all. The revocation of the letters of administration issued to Joseph A. Labbee and Mary A. Dooley, and the admitting of the will in question to probate, were matters of which the Surrogate's Court had exclusive jurisdiction. Its action should be respected by this court. If the surrogate erred, his decrees will be reversed on appeal.

The rule is that, where two tribunals have equal jurisdiction, a cause should be retained and disposed of in the forum where judicial action was first brought. Ludwig v. Bungart, 48 App. Div. 613, 63 N. Y. Supp. 91, citing Schuehle v. Reiman, 86 N. Y. 270; Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599. See, also, Matter of Llado, 50 Misc. Rep. 227, 100 N. Y. Supp. 495. This action does not even present a case of equal or concurrent jurisdiction. This action could not have been maintained at all, except by virtue of the provisions of section 2653a of the Code, which authorizes an action to set aside the probate of the will. There must first be judicial action by the surrogate. The provisions of this section, however, declare, in substance, that the probate of the will in the Surrogate's Court makes

the will presumptively valid, and it remains so until the presumption has been overcome by a judgment rendered on the verdict of a jury to the contrary. This action is purely a statutory one, providing for a trial of the validity of the will by jury. This court has the power to stay final distribution, as held in Shea v. Bergen, 59 Misc. Rep. 294, 110 N. Y. Supp. 572, affirmed in 126 App. Div. 934, 110 N. Y. Supp. 1145; but we doubt the existence of power to prevent the executor taking possession of the estate where letters of administration have been revoked. As indicating the policy of the law we need but call attention to the fact that by the provisions of section 2583 of the Code of Civil Procedure it is declared that an appeal from a decree of the surrogate revoking letters testamentary or letters of administration shall not stay the execution of the decree or order appealed from. The executor has given and filed a bond for $18,000 for the faithful discharge of his duties as executor. If he wastes or squanders the estate, he does it at his peril.

An order may be entered vacating the preliminary injunction heretofore granted in so far as it restrains and enjoins the defendant Murphy from taking any action or further proceeding in the Surrogate's Court relating to the settlement of the accounts of Joseph A. Labbee and Mary A. Dooley as administrators, and the payment and delivery to said defendant Murphy of the property and estate of said Roch Labbee, deceased. This plaintiff, however, may enter an order restraining and enjoining the executor from making any final distribution of said estate until the trial and final determination of this action, and also providing that any papers and documents belonging to said estate, outside of securities, shall be deposited with the clerk of the county of Erie and be open to the inspection of all parties to this action.

So ordered, without costs of this motion to either party.